IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 91-543

| | |
|---|---|
| KAREN SPARKS, | )<br>) |
| Petitioner, | )<br>) |
| v. | )  OPINION<br>)  AND |
| BRAD JOHNSON, personally | )  ORDER |
| and as City Judge of | ) |
| WHITEFISH CITY COURT, | ) |
| Respondent. | )<br>) |

**FILED**

FEB - 7 1992

_Ed Smith_
CLERK OF SUPREME COURT
STATE OF MONTANA

This is an original proceeding arising out of a criminal theft prosecution in the City Court of Whitefish, Montana. Petitioners Karen Sparks, the defendant in that proceeding, and Jerry O'Neil seek declaratory and injunctive relief, including a writ of mandamus. They request this Court's declaration that O'Neil and other non-attorneys similarly situated have the right, pursuant to §§ 25-31-601 and 37-61-210, MCA, to act as attorneys in Montana courts of limited jurisdiction on a regular and recurring basis. The Office of the Attorney General responded, as did Whitefish City Judge Brad Johnson.

The petition before us raises the question of lay representation in Montana's courts of limited jurisdiction. While it is clear that Article VII, § 2(3) of the 1972 Montana Constitution vests exclusive jurisdiction in this Court to make

1

rules governing practice in all Montana courts, we have not heretofore comprehensively addressed this issue which now is arising with increasing frequency. Because of the statewide importance and implications of the issue, we accept original jurisdiction of this petition pursuant to Article VII, § 2(1) of the 1972 Montana Constitution, and the procedures set forth in Rule 17 of the Montana Rules of Appellate Procedure, in order to provide guidance on the question of lay representation to the courts of limited jurisdiction throughout the state.

The underlying facts upon which this proceeding is based are not in dispute. The Whitefish City Attorney filed a complaint against Karen Sparks in Whitefish City Court for misdemeanor theft pursuant to § 45-6-301, MCA. At her initial appearance on September 18, 1991, Sparks appeared and acknowledged that she possessed a copy of the complaint and that she was aware an arrest warrant had been issued. Sparks was informed of her right to counsel and her right to a continuance so she could obtain counsel. Sparks pled not guilty and requested a court-appointed attorney. The court explained that it was not seeking confinement for Sparks and, therefore, would not provide her with a court-appointed attorney. Sparks persisted, prompting the court to provide defendant with an Affidavit/Request for Court Appointed Counsel form.

After Sparks' repeated attempts to secure court-appointed counsel, the court issued a Memorandum on October 17, 1991,

2

concluding again that she was not entitled to court-appointed counsel but could obtain private counsel. On or about October 21, 1991, Jerry O'Neil filed a notice of appearance in the Whitefish City Court indicating that he would appear on behalf of defendant Sparks. The court subsequently denied O'Neil the right to represent Sparks in City Court and a jury trial was set for November 7, 1991.

The present petition was filed with this Court on November 8, 1991, seeking a stay of pending proceedings in the Whitefish City Court, a declaratory judgment that O'Neil has the right under §§ 25-31-601, MCA, and 37-61-210, MCA, to act as an attorney in the justice and city courts of Montana, and related injunctive and mandamus relief. This Court stayed the underlying proceedings. Additionally, Sparks requested that she be awarded her costs and expenses pursuant to 42 U.S.C. § 1988. We do not address herein Sparks' request for costs and expenses pursuant to 42 U.S.C. § 1988.

Standing is a threshold issue. Stoianoff v. State of Montana (9th Cir. 1983), 695 F.2d 1214. Thus, we must determine at the outset whether Jerry O'Neil has standing in the action before us. We conclude that he does not.

Although included as a "petitioner" in the caption of the petition to this Court, O'Neil essentially seeks to come before us as a legal representative of Sparks. O'Neil, an acknowledged lay person and not an attorney of record, possesses no legally

3

recognized relationship to Sparks; therefore, he will not be recognized by this Court in the conduct or disposition of the case. Clinton v. Miller (1951), 124 Mont. 463, 226 P.2d 487. We construe this action to be a pro se action by Karen Sparks seeking representation by the person of her choice in the city court criminal proceeding in which she is a defendant.

Sparks contends that § 25-31-601, MCA, authorizes lay representation in criminal cases in Montana justices' courts. She argues further that § 37-61-210, MCA, extends that right to lay representation in criminal cases to city courts. We disagree.

Section 25-31-601, MCA, provides that "[p]arties in justice's court may appear and act in person or by attorney; and any person, except the constable by whom the summons or jury process was served, may act as attorney." The statute is found in Title 25 of the Montana Code Annotated, entitled "Civil Procedure." Chapter 31 of that Title is "Procedure in Justices' Courts."

Section 25-31-601, MCA, is limited, by its plain language and placement in the Montana codes, to civil litigation in justices' courts. It does not apply to criminal proceedings in those courts or in other courts of limited jurisdiction. The criminal procedure statutes applicable to courts of limited jurisdiction, set forth in Title 46, Chapter 17, parts 1 through 4, do not contain language permitting representation by "any person."

Sparks' further contention that lay representation in criminal proceedings is extended to city courts by virtue of § 37-61-210,

4

MCA, is also incorrect, even aside from our conclusion above that Montana law does not authorize lay representation in criminal proceedings in justices' courts.

Section 37-61-210, MCA, is entitled "penalty for practicing without license" and provides that "[i]f any person practices law in any court, except a justice's court or a city court, without having received a license as attorney and counselor, he is guilty of a contempt of court." Sparks' reliance on § 37-61-210, MCA, as authority for legal representation by "any person" in a criminal proceeding in city court, is erroneous. Both the plain language and the placement of § 37-61-210, MCA, in the Licensing part of Title 37 (entitled "Professions and Occupations"), Chapter 61 (entitled "Attorneys at Law") of the Montana Code Annotated make it clear that it is a licensing and penalty statute. It does not, by its terms, authorize practice in either justices' or city courts; it merely alludes to, and exempts from penalty, such practice as may be authorized by other statutes. Therefore, we conclude that only such practice before courts of limited jurisdiction as is specifically authorized by existing statute or Court rule can be undertaken by lay people.

Sparks' reliance on a past Order of this Court in a case to which she was not a party is also to no avail. Orders without accompanying opinions have no precedential value from case to case, but pertain only to the circumstances of the action involved. 20 Am.Jur.2d, Courts § 189.

5

Sparks' final contention is that § 25-31-601, MCA, authorizes lay representation of parties in courts of limited jurisdiction on a regular and recurring basis. While this is a case of first impression in Montana, statutes similar to § 25-31-601, MCA, have been addressed in other states and held applicable only to a "one time" representation of a party in a justice or magistrate court.

State ex rel. Freison v. Isner (W.Va. 1981), 285 S.E.2d 641, involved a collection agency appearing in magistrate court on behalf of petitioner's creditors through its nonlawyer manager. The court found that the statute authorizing appearances by lay persons in civil litigation did not permit the unauthorized practice of law, but anticipated the representation of a party by a nonlawyer on a "casual, non-recurring, non-pay basis as a means of assisting the party pro se." Freison, 285 S.E. 2d at 655. The Freison court concluded that the West Virginia law, similar to Montana's, provides only for "an isolated or casual appearance by a non-lawyer friend or relative of a party to proceedings in magistrate court. . . ." Freison, 285 S.E.2d at 654.

Similarly, the Supreme Court of Iowa held that a bill collector who attempted to bring suit in justice court as an assignee of his various clients was prohibited from doing so. Bump v. Barnett (Iowa 1944), 16 N.W.2d 579. The Iowa court, in referring to a statute much like § 25-31-601, MCA, stated that:

> The salutary purpose of the statute may not thus be perverted to encourage the growth of a class of "justice court lawyers," unfettered by the rules that bind licensed attorneys and without training in law and

6

ethics.

Bump, 16 N.W.2d at 582-583.    The Iowa court concluded that the bill collector was engaged in the illegal practice of law by his repeated representations in justice court.

We agree with the reasoning of the West Virginia and Iowa courts.    Section 25-31-601, MCA, was not intended to permit the unauthorized practice of law; the intent is to enable a friend or relative to assist and speak on behalf of a party at one proceeding.  We hold that the statute is a "one-time only" grant of a privilege in justices' court civil proceedings.    Further, we extend this specific privilege to civil proceedings in city courts pursuant to our constitutional authority to make rules governing practice for all Montana courts.

Finally, even if the underlying proceeding in Whitefish City Court were a civil one, it is clear that O'Neil's representation of Sparks would not be permissible.    We take judicial notice that O'Neil attempted to represent at least one other person in a criminal action in a court of limited jurisdiction.    See Jerry O'Neil and Clark Albertson v. Dale E. Gifford, Order No. 88-145, April 25, 1988.    We also note that petitioner's brief herein provides a list of O'Neil's "clients."    Neither O'Neil nor any other lay person has authority to represent "clients" on a recurring basis in courts of limited jurisdiction.  Such recurring representation constitutes the unauthorized practice of law.

Nothing herein impacts on the "student practice rule" at the

7

University of Montana School of Law. Under this rule, students who have completed two years of law school are supervised by a licensed attorney and perform legal activities in Montana courts.

IT IS THEREFORE ORDERED that the Petition herein, and all relief requested therein, is denied and dismissed.

IT IS FURTHER ORDERED that the stay of further proceedings in City of Whitefish v. Karen Sparks is hereby lifted.

DATED this 6th day of February, 1992.

Chief Justice

Justices