DA 06-0546

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 152N

CITY OF HELENA,

        Plaintiff and Respondent,

  v.

DORY LEE RITROVATO,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                   In and For the County of Lewis And Clark, Cause No. ADC-2006-77
                   Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Dory Lee Ritrovato, pro se, Butte, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Ilka Becker,
        Assistant Attorney General, Helena, Montana

        Robert J. Wood, City Attorney, Helena, Montana

Submitted on Briefs:  March 28, 2007

Decided:  June 19, 2007

Filed:

_____
                           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Dory Lee Ritrovato (Ritrovato) appeals from the judgment and order of the First Judicial District Court, Lewis and Clark County, finding him guilty of operating a motor vehicle without liability insurance and without a valid driver's license. He asserts that the District Court erred by denying his right to assistance of counsel "of his own choice." We affirm.

¶3 In February 2006, Ritrovato was involved in an automobile accident in Helena, Montana. While not at fault, Ritrovato was cited with operating a motor vehicle with no proof of liability insurance and without a valid driver's license. Ritrovato was found guilty of these charges in Justice Court, and he appealed to District Court. A nonjury trial was scheduled for June 22, 2006.

¶4 Though not discussing how the issue arose, the minutes of the pretrial conference indicate that Ritrovato was advised that only a licensed attorney would be allowed to assist him at counsel table during trial. Then, when trial began, the transcript reflects that the District Court refused to allow an individual accompanying Ritrovato to join him

at counsel table. This individual was not identified, and a record was not made concerning Ritrovato's intentions regarding the individual's participation in the trial, but the following exchange then occurred:

> Ritrovato: I would like the record to clearly show my objection to the Court denying me assistance of counsel of my choice.
>
> Court: The record so reflects.
>
> Ritrovato: Because of that, I'm no longer prepared to proceed, Your Honor.
>
> Court: Okay. Let's see.
>
> Ritrovato: I cannot move forward until counsel joins me at counsel table.

The trial ultimately proceeded, and, upon the State's undisputed evidence, the District Court found Ritrovato guilty of the aforementioned charges.

¶5 The right to assistance of counsel is embodied in the Sixth Amendment of the United States Constitution and Article II, Section 24, of the Montana Constitution. The Sixth Amendment has been interpreted to include a defendant's right to represent himself. *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525 (1975). This Court has interpreted Article II, Section 24, of the Montana Constitution to provide the right of the defendant to proceed pro se. *State v. Colt*, 255 Mont. 399, 403, 843 P.2d 747, 749 (1992). However, the right to counsel and the right to proceed pro se have not been interpreted to afford the right to representation by "any person." *See Sparks v. Johnson*, 252 Mont. 39, 42, 826 P.2d 928, 930 (1992).

3

¶6     Ritrovato argues strenuously that the District Court denied his right to counsel.  He

first asserts that he had the constitutional right to proceed without the representation of a

licensed attorney.  With this the Court agrees.  Ritrovato was entitled to represent himself

pro se.  *State v. Woods*, 283 Mont. 359, 942 P.2d 88 (1997).  However, Ritrovato then

argues that he "did not waive his right to assistance of counsel, when chose [sic] to

represent himself in this action" and that he "clearly has a right to self representation and

counsel of choice—both rights—simultaneously."  He concludes by arguing that "[i]f

Ritrovato chooses to have someone other[] than a licensed lawyer assist him, it is well

within his right of self-representation to do so."

¶7     Here, we must part ways with Ritrovato.  One does not have the right to

simultaneously represent one's self and be represented by counsel.  Further, it is clear that

he cannot be legally represented by one who is not licensed to practice law.  Although it

may be possible for a lay person to render personal, nonlegal assistance to a litigant

during trial, that person cannot engage in legal representation.  Here, Ritrovato did not

make a record regarding the person accompanying him and what role that person

intended to fulfill.  Without knowing the nature of his request, we cannot rule further

upon his objection.

¶8     It is appropriate to decide this case pursuant to our Order of February 11, 2003,

amending Section I.3 of our 1996 Internal Operating Rules and providing for

memorandum opinions.  It is manifest on the face of the briefs and the record before us

that the appeal is without merit because the findings of fact are supported by substantial

evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶9     We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER

5