No. 92-265

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

JAMES BLAZE COLT,

       Defendant and Appellant.

FILED

NOV 3 0 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      William F. Hooks, Attorney at Law, Helena, Montana

      For Respondent:

        Hon. Marc Racicot, Attorney General
        Barbara C. Harris, Assistant, Helena, Montana
        Thomas J. Esch, Flathead County Attorney, Kalispell,
        Montana

Submitted on Briefs:  September 24, 1992

Decided:  November 30, 1992

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

James Blaze Colt (Colt), appeals his conviction for issuing a bad check (common scheme), and two counts of deceptive practices. The conviction and subsequent sentence and order were entered in the District Court for the Eleventh Judicial District, Flathead County. We affirm the conviction.

In this appeal, we address the following issues raised by Colt:

1. Was the extent of the District Court's inquiry sufficient to allow Colt to make a knowing, intelligent, and voluntary waiver of his right to assistance of counsel?

2. Did the District Court violate Colt's constitutional right to pro se representation by requiring standby counsel to assist in a portion of Colt's defense during the State's case-in-chief?

On September 19, 1991, Colt was formally charged with one count of issuing a bad check, a felony common scheme; and two counts of deceptive practices, also felonies. The information filed against Colt in Count I alleged he issued or delivered checks for the payment of money to various individuals and businesses in Flathead County knowing the checks would not be honored by the drawee bank.

Count II alleged Colt purposely or knowingly obtained control over a 1984 pickup truck by deception; specifically, that Colt caused the owners of the truck to execute title by leading them to believe sufficient funds would be available to cover two checks written for the purchase of the truck. Count III alleged deceptive

2

practices in that Colt purposely or knowingly made a false or deceptive statement in order to procure credit.

Prior to trial, Colt filed pleadings asking that he be allowed to proceed with his defense pro se. An October 31, 1991 order gave Patrick D. Sherlock (Sherlock), Colt's court-appointed counsel, permission to withdraw and allowed Colt to proceed pro se. Additionally, the District Court appointed Chris Christensen as standby counsel. Subsequent to the District Court's order allowing Colt to proceed pro se, District Judge Leif B. Erickson, before whom the case had been pending, accepted a federal appointment. District Judge Robert S. Keller assumed jurisdiction and replaced Judge Erickson.

After a two-day trial, the jury returned a verdict of guilty as to all three counts. The District Court sentenced Colt to ten years in prison as to Count I; ten years in prison on Count II, all of which was suspended; and ten years as to Count III, all of which was suspended and was concurrent to the sentence imposed for Count II. The sentences imposed for Counts II and III were consecutive to the sentence for Count I. Finally, Colt was ordered to make restitution in the amount of $2,391.34. Colt now appeals his conviction to this Court.

I.

Was the extent of the District Court's inquiry sufficient to allow Colt to make a knowing, intelligent, and voluntary waiver of his right to assistance of counsel?

3

In his first assignment of error, Colt claims the District Court did not fully discuss with him the consequences of self-representation and thereby he did not make a knowing and intelligent waiver of his right to assistance of counsel. The right to the assistance of counsel or the right to proceed pro se in all criminal prosecutions is fundamental under the Montana Constitution:

> In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel . . .

Art. II, Sec. 24, Mont.Const.

"Article II, Section 24 of the 1972 Montana Constitution, and the right to a fair trial inherent in the due process clause of Art. II, Section 17, guarantee a defendant charged with a crime the right to assistance of counsel." State v. Enright (1988), 233 Mont. 225, 228, 758 P.2d 779, 781. The right to assistance of counsel applies with equal force to all persons regardless of their ability to pay. Enright, 758 P.2d at 781. In addition, "the Sixth Amendment right to counsel includes the right of an accused to personally make his own defense." State v. Brown (1987), 228 Mont. 209, 213, 741 P.2d 428, 431.

However, because an accused relinquishes many of the benefits associated with the right to counsel when he undertakes his own defense, the trial court must ensure certain criteria are met before allowing the defendant to proceed pro se. Faretta v. California (1974), 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45

4

L.Ed.2d 562, 581. In essence, the trial court must ensure the defendant is competent to abandon his right to assistance of counsel and proceed pro se. Brown, 741 P.2d at 431. Competence on the part of a defendant to abandon his right to counsel and proceed pro se does not necessarily mean he have the skill and experience of a lawyer. Faretta, 422 U.S. at 835. It does mean, however, that the defendant's relinquishment of his right to counsel must not only be voluntary, but also must be made knowingly and intelligently. State v. Plouffe (1982), 198 Mont. 379, 385, 646 P.2d 533, 536 (citing Edwards v. Arizona (1981), 451 U.S. 477, 101 S.Ct 1880, 68 L.Ed.2d 378).

The record indicates that two separate motions were presented to the District Court requesting that Colt be allowed to proceed pro se. The first motion was filed on behalf of Colt by Sherlock. The second motion was filed by Colt himself. Additionally, Colt asked the District Court to remove Sherlock as his counsel of record and appoint Chris Christensen as standby counsel. Colt stated that he believed Sherlock was doing an inadequate job of representing him and he did not have confidence in Sherlock.

Nothing in the record indicates that Sherlock was failing to render effective assistance of counsel. Nor does Colt argue ineffective assistance of counsel in this appeal. As to the confidence Colt had in Sherlock, effective assistance of counsel does not require that the defendant have confidence in appointed counsel. State v. Forsness (1972), 159 Mont. 105, 110, 495 P.2d

5

176, 178. In addition, the District Court was under no obligation to appoint a different public defender to act as standby counsel for Colt. The right to the assistance of counsel does not vest in a defendant the right to counsel of his choice. Enright, 758 P.2d at 781. Notwithstanding this fact, by order dated October 31, 1991, the District Court allowed Sherlock to withdraw as Colt's defense counsel and allowed Colt to proceed pro se with public defender Chris Christensen appointed to act as standby counsel.

As previously mentioned, Colt complains the District Court did not ensure his waiver of his right to counsel was made knowingly and intelligently. We disagree. Colt's statements to the District Court Judge, and the pleadings he filed with the District Court as well as those filed by appointed counsel, amount to an assertion of his right to self-representation. State v. Strandberg (1986), 223 Mont. 132, 135, 724 P.2d 710, 712. At the hearing to determine Colt's competence to execute a valid waiver of his right to counsel, Judge Erickson engaged Colt in the following colloquy:

> The Court: Mr. Colt, I certainly under -- you know, I certainly recognize that if you wish to proceed pro se ordinarily you're allowed to do so. Do you have any legal training or background which would enable you to do this?
>
> Colt: Yes I do.
>
> The Court: And what is that, sir?
>
> Colt: Scholastically, I've had civil law and litigation courtroom procedure. Familiarity with criminal law.
>
> The Court: I have looked at some of the motions you've filed. Quite frankly, some have some merit; some, I'm

6

not sure you understand the procedure, quite frankly. That's why I asked the question.

Quite frankly, factual questions are resolved in trial, not by the Court. I can't resolve factual questions. I don't have the authority. Several procedural matters are the things that I can handle.

But that's why I'm concerned about you proceeding pro se, that <u>you don't understand the distinction of what is proper for me to handle and what is not</u>. I certainly don't want to deny you the opportunity to proceed pro se; I'm concerned you have adequate help. I want to make it perfectly clear you have a right to counsel.

Colt: Yes.

The Court: And Mr. Sherlock was appointed to be your counsel.

Colt: Montana has a uniqueness about its judiciary in the post federal or other states.

The Court: I don't know what states you're familiar with, but we're based primarily, to a large extent, on, one point, California law and, more recently, Illinois law. Much more law comes from Illinois.

But as I say, you understand you do have the right to counsel, and you wish to waive that right; is that correct?

Colt: Yes, I do.

The Court: And you do so <u>understand that I would hold you to the same standards as though you were counsel, and I can't cut you any slack just because you choose to proceed pro se?</u> The rules of law apply whether a person's appearing pro se or with the assistance of counsel.

Colt: I would like to consult with an attorney, but not representation, on procedure as far as trial goes. [Emphasis added.]

In addition, at the start of Colt's trial, Judge Keller admonished Colt about pro se representation:

The Court: . . . I haven't any idea what Judge Erickson talked to you about when you made your determination to appear Pro Se. Normally, you should have been advised,

7

and I am satisfied you probably were, that you can represent yourself, but you represent yourself as if you are an attorney, and you are governed by the same rules that attorneys are. And I am not in the posture that I can help. I can't sit and arbitrate this thing between the two sides and help one side. So you are on your own, to that extent. . . .

Applying the criteria necessary for a valid waiver of the right to the assistance of counsel to the case at bar, the record establishes that Colt was "fully aware of the dangers and disadvantages of self-representation," knew what he was doing, and made his choice to waive assistance of counsel and proceed pro se with his eyes open. Faretta, 422 U.S. at 835. Drawing from the record and the testimony as to his appearance, the District Court properly found that Colt made a voluntary, knowing, and intelligent waiver.

Colt argues that this Court should adopt the three-part test utilized in the United States Court of Appeals for the Ninth Circuit to determine whether or not a defendant in a criminal proceeding validly waived his right to counsel. The first prong requires that a request by a defendant to forego the assistance of counsel be unequivocal. Second, the waiver must be voluntary. The final prong requires the waiver to be made knowingly and intelligently. United States v. Robinson (9th Cir. 1990), 913 F.2d 712, 714-15. In addition, before a waiver of counsel can be knowing and intelligent, the Ninth Circuit requires the trial court to specifically discuss "the nature of the charges, the possible penalties, and the dangers and disadvantages of self representa-

8

tion. . . . " United States v. Balough (9th Cir. 1987), 820 F.2d 1485, 1487.

In urging this Court to adopt this test, Colt admits his choice to proceed pro se was both voluntary and unequivocal. Moreover, he admits he was informed of the nature of the charges against him, and the possible penalties if convicted of those charges. It is the alleged failure of the District Court to specifically discuss the dangers and disadvantages of self-representation upon which Colt hangs his hat.

This Court does not require district courts to adhere to a rigid set of requirements in ascertaining whether a defendant in a criminal proceeding has made a knowing and intelligent waiver of his right to counsel. District judges are in the best position to determine whether the defendant has made a knowing and intelligent waiver of his right to counsel. As noted in a concurring opinion in Balough, "they can consider the level of understanding demonstrated by the defendant, his background and prior experience with the legal system, the deliberation with which he has made the decision to proceed without counsel and his seriousness of purpose." Balough, 820 F.2d at 1490 (Kozinski, J., concurring). Requiring the district courts to specifically discuss the dangers and disadvantages of pro se representation is far beyond the scope of what Faretta or our case law requires. Faretta requires the accused "be made aware of the dangers and disadvantages of self representation . . . ." Faretta, 422 U.S. at 835 (emphasis added).

9

Additionally, establishment of generic criteria by which the District Court would by rote discuss certain specific dangers and disadvantages of self-representation will do little to protect the rights of the accused. It is the district court judges who consider, assimilate, and absorb the nuances of each individual case. They are not constrained, as we are, to garnering all of their information from a cold record. Therefore, it is the district judges who are in the best position to determine the extent, context, and degree of inquiry necessary to determine whether the individual before them has made a voluntary, knowing, and intelligent waiver of the right to counsel. So long as substantial credible exists to support the decision of the District Court that the defendant made a voluntary, knowing and intelligent waiver, it will not be disturbed on appeal. Plouffe, 646 P.2d at 536. Accordingly, we hold the District Court's inquiry was sufficient in its context to allow Colt to make a knowing and intelligent waiver of his right to assistance of counsel.

II.

Did the District Court violate Colt's constitutional right to pro se representation by requiring standby counsel to assist in a portion of Colt's defense during the State's case-in-chief?

In his second assignment of error, Colt contends his constitutional right to proceed pro se was denied when Judge Keller required standby counsel to assume cross-examination of two of the State's witnesses. At this juncture we note that neither our research, nor that of counsel, reveals any Montana case law which

10

is remotely on point. Specifically, we address whether the District Court's requirement that standby counsel assist a pro se defendant due to the defendant's repeated failure to follow courtroom procedure constitutes a violation of the defendant's right to conduct his own defense.

We are tolerant of "the layman's lack of familiarity with procedure or with legal principles" when a layman chooses to represent himself in a judicial proceeding. State v. Graham (1983), 206 Mont. 49, 54, 669 P.2d 691, 693. However, when an accused chooses to forego the benefits of assistance of counsel and proceed on his own behalf, he is not entitled to have the "rules of procedures and law . . . applied less strictly against him." State v. Poncelet (1980), 187 Mont. 528, 548, 610 P.2d 698, 709. Moreover, the right of self-representation does not vest in a pro se defendant "a license to abuse the dignity of the courtroom" or allow him "not to comply with relevant rules of procedural and substantive law." Faretta, 422 U.S. at 835, n. 46.

Colt argues that infringement of a pro se defendant's Sixth Amendment right must be based upon serious and obstructionist misconduct deliberately engaged in by the defendant. Faretta, 422 U.S. at 834-35, n. 46. We do not agree. The accused has a Sixth Amendment right to continue conducting his own defense only so long as "he is able and willing to abide by rules of procedure and courtroom protocol." McKaskle v. Wiggins (1983), 465 U.S. 168, 173, 104 S.Ct. 944, 948, 79 L.Ed.2d 122, 130. "[T]he primary focus

11

must be on whether the defendant had a fair chance to present his case in his own way." McKaskle, 465 U.S. at 177.

While the record does not establish that Colt deliberately engaged in misconduct, it is apparent that Colt abused his Sixth Amendment right to self-representation. Colt repeatedly commented upon the evidence. He failed to pose proper questions. He continually attempted to testify on his own behalf while cross-examining the State's witnesses. And, he engaged in irrelevant cross-examination. We note that the District Court and the County Attorney were very tolerant of Colt's failure to play by the rules.

It was only after Colt had been admonished by the District Court on at least four occasions, and other instances of abuse had passed with no admonishment, that standby counsel was required to finish the cross-examination of one witness and control the direct, cross, and redirect examination of the State's final witness of the day. After these two witnesses testified, the court recessed for the day. When trial resumed the next morning, Colt was allowed to resume his self-representation and did so without further abuses.

Colt contends that in requiring standby counsel to assist in part of his defense, the District Court exceeded the limits imposed on participation by standby counsel. The McKaskle Court held:

> [T]he Faretta right must impose some limits on the extent of standby counsel's unsolicited participation.

> [T]he right to proceed pro se may be undermined by unsolicited and excessively intrusive participation by standby counsel.

12

<u>McKaskle</u>, 465 U.S. at 177 (emphasis added).

The instant case is factually different than the claimed facts argued in <u>McKaskle</u>. In Colt's case, standby counsel only participated after the District Court ordered him to do so. Standby counsel did not engage in unsolicited participation of his own volition, as was the case in <u>McKaskle</u>. From the record before us, such participation was neither intrusive or excessive and did not deny Colt a fair chance to present his case in his own way. Aside from the minimal interlude at the end of the first day of trial, Colt controlled all aspects of his defense. This included: voir dire; opening argument; cross-examination of all but two of the State's witnesses; control of all aspects of his case-in-chief and closing argument. Additionally, Colt filed several motions, presented his own jury instructions, and interjected objections during witness examination.

We hold that an accused is permitted to conduct his own defense so long as he is able and willing to abide by the rules of courtroom procedure and substantive and procedural law. Where substantial credible evidence exists to support the District Court's decision requiring standby counsel to assist in the defense where a pro se defendant fails, or is unable, to adhere to proper courtroom procedure and protocol, it will not be disturbed on appeal.

As we have held there to be no denial of the <u>Faretta</u> right of self-representation, there is no per se prejudicial error, and we

13

do not address Colt's final issue that he is entitled to reversal of his conviction.  Conviction affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____
Justices

14

November 30, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


WILLIAM F. HOOKS
Office of the Appellate Defender
Capitol Station
Helena, MT 59620

HON. MARC RACICOT, Attorney General
Barbara Harris, Assistant
Justice Bldg.
Helena, MT 59620

THOMAS J. ESCH,
Deputy County Attorney
P.O. Box 1516
Kalispell, MT 59903-1516


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy