No. 01-855

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 276

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

NANETTE MAUREEN HOWARD,

      Defendant and Appellant.

FILED

DEC 0 9 2002

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula,
Honorable John S. Henson, Judge Presiding

COUNSEL OF RECORD:

      For Appellant:

          Leslie Ocks, Public Defender Office, Missoula, Montana

      For Respondent:

          Honorable Mike McGrath, Attorney General; Cregg W. Coughlin,
Assistant Attorney General, Helena, Montana

          Fred Van Valkenburg, County Attorney; Kristen H. Lacroix, Deputy
County Attorney, Missoula, Montana

          Submitted on Briefs:  April 18, 2002

          Decided:  December 5, 2002

Filed:

_____
          Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 In October 2000, the defendant, Nanette Maureen Howard (Howard), was charged with two offenses filed in Missoula County District Court: Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs, a Fourth or Subsequent Lifetime Offense, in violation of §§ 61-8-401(1)(a), and -714, MCA; and Driving While License Suspended or Revoked, in violation of § 61-5-212, MCA. Howard filed a motion to dismiss the felony DUI charge, which the District Court denied. This appeal follows. We reverse the judgment of the District Court.

## BACKGROUND

¶2 On October 23, 2000, Howard was charged by information with driving under the influence (DUI) and driving with a revoked or suspended license. The DUI charge alleged in the information, if proven, would have constituted her fourth DUI offense. Howard had been previously convicted of DUI in Missoula County Municipal Court on August 28, 2000, December 20, 1999, and January 13, 1997. Based on those three prior convictions, the information charged her with a felony.

¶3 Howard filed a motion to dismiss the felony DUI charge in which she contended that, at the time she pled guilty to the 1997 DUI charge, she did not expressly waive her right to an attorney. On that basis, she asserted that the 1997 DUI conviction was entered in derogation of her constitutional rights, specifically her Sixth Amendment right to counsel, and cannot be used to increase the current DUI charge to a felony.

2

¶4    In support of her motion to dismiss the felony DUI charge, Howard submitted an affidavit which provides, in relevant part, as follows:

> On January 13, 1997 I could not afford counsel and I was not represented by counsel. I was not advised of my right to court-appointed counsel before I entered my plea of guilty, nor did I waive my right to court-appointed counsel.

¶5    No record of Howard's 1997 DUI plea colloquy exists. At an evidentiary hearing, Judge Donald J. Louden, the Missoula Municipal Court Judge who had presided over Howard's 1997 guilty plea, testified. Judge Louden testified that he has been the Missoula Municipal Court Judge for twelve years and that he handles three to four hundred DUI charges each year. He explained his practice of advising defendants, and recited from memory the colloquy he uses with all criminal defendants. This colloquy included advising defendants that they have the right to be represented by an attorney, to have an attorney appointed to represent them, that they can have more time to think over their plea decision and discuss it with an attorney or anyone else they wish. On cross-examination, the prosecutor asked Judge Louden:

> Q:    Although you don't recall specifically Miss Howard saying those words, meaning she waives her right to counsel, and there's not a note on this ticket from 1997, do you know that she did waive that right?
>
> A:    I know that she was told that she had the right to have an attorney and to have an attorney appointed to represent her. I know that she was told that if she pled guilty, that she was waiving all of the rights. That she would have indicated that she did understand the rights and indicated that she wished to enter a plea of guilty.

3

¶6 While Judge Louden further testified that it was his practice to advise all criminal defendants that by pleading guilty to the offense, they would waive their right to counsel, he made clear that it was not his practice in 1997 to expressly ask defendants whether they waived their right to counsel prior to the defendant entering a plea of guilty.

¶7 On March 7, 2001, the District Court denied Howard's motion to dismiss the felony DUI charge. Eventually, Howard entered into a plea agreement with the State, whereby she pled guilty to both counts but reserved her right to appeal the present issue. Howard received a sentence of thirteen months and four years probation for the felony DUI charge. She received a six-month sentence with all but two days deferred for the Driving While License Suspended or Revoked charge. This appeal follows. We conclude that the District Court's decision to deny Howard's motion to dismiss was incorrect as a matter of law and, therefore, must be reversed.

¶8 The sole issue on appeal is whether the District Court erred in denying Howard's motion to dismiss the felony DUI charge.

## DISCUSSION

¶9 When we review a district court's conclusions of law, the standard of review is plenary and we must determine whether the district court's conclusions are correct as a matter of law. *State v. Okland* (1997), 283 Mont. 10, 14, 941 P.2d 431, 433; *State v. Sage* (1992), 255 Mont. 227, 229, 841 P.2d 1142, 1143.

4

¶10　A rebuttable presumption of regularity attaches to prior criminal convictions. *State v. Moga*, 1999 MT 283, ¶ 11, 297 Mont. 1, ¶ 11, 989 P.2d 856, ¶ 11; *Okland*, 283 Mont. at 18, 941 P.2d at 436. If the defendant overcomes that presumption with direct evidence of irregularity, the burden then shifts to the State to prove by direct evidence that the prior conviction was not obtained in violation of the defendant's rights. *Moga*, ¶ 11; *Okland*, 283 Mont. at 18, 941 P.2d at 436.

¶11　In Montana, it is well established that the State may not use a constitutionally infirm conviction to support an enhanced punishment, such as a felony DUI. *Okland*, 283 Mont. at 15, 941 P.2d at 434; *Lewis v. State* (1969), 153 Mont. 460, 463, 457 P.2d 765, 766. The Sixth Amendment of the United States Constitution, and Article II, Section 24, of the Montana Constitution, guarantee the fundamental right to the assistance of counsel. *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; *Okland*, 283 Mont. at 14, 941 P.2d at 433. Defendants without means to hire an attorney are entitled to legal representation by court-appointed counsel at public expense. *Okland*, 283 Mont. at 14, 941 P.2d at 433.

¶12　The fundamental right to counsel does not extend to defendants who waive the right. *Okland*, 283 Mont. at 14, 941 P.2d at 433. Waiver, however, requires a knowing and intelligent relinquishment of a known right. *Okland*, 283 Mont. at 14, 941 P.2d at 433; *State v. Blakney* (1982), 197 Mont. 131, 138, 641 P.2d 1045, 1049. This Court will not engage in presumptions of waiver; any waiver of a constitutional right must be made specifically,

5

voluntarily, and knowingly. *State v. Bird*, 2001 MT 2, ¶ 35, 308 Mont. 75, ¶ 35, 43 P.3d 266, ¶ 35; *Park v. Sixth Jud. Dist. Court*, 1998 MT 164, ¶ 36, 289 Mont. 367, ¶ 36, 961 P.2d 1267, ¶ 36 (citing *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466). With these legal precepts in mind, we turn to the case at bar.

¶13   As stated above, a rebuttable presumption of regularity attaches to Howard's 1997 DUI conviction; however, Howard may overcome this presumption by direct evidence of irregularity. By way of direct evidence, Howard presented an affidavit in support of her motion in which she states that she did not waive her right to counsel at her 1997 DUI guilty plea. While we have held in the past that a defendant's sketchy recollection as to whether or not she was advised of and waived her right to counsel is not sufficient to overcome the presumption of regularity (*State v. Big Hair*, 1998 MT 61, ¶ 18, 288 Mont.135, ¶ 18, 955 P.2d 1352, ¶ 18), we have recognized that a defendant's unequivocal and sworn statement that she did not waive her right to counsel constitutes direct evidence which rebuts the presumption of regularity. *State v. Couture*, 1998 MT 137, ¶ 15, 289 Mont. 215, ¶ 15, 959 P.2d 948, ¶ 15. Because Howard's affidavit is direct evidence demonstrating that her plea was obtained in violation of her constitutional rights, and therefore "irregular," we now turn to the State's case.

¶14   The State must prove by direct evidence that Howard's 1997 DUI conviction was not obtained in violation of her rights. In support of its burden the State offers Judge Louden's testimony "that [Howard] was told that if she pled guilty, that she was waiving all of the

6

rights." The State submits that because Howard did plead guilty, it may be inferred that she validly waived her right to counsel. This Court refuses to make such an inference. On several occasions this Court has stated that it will indulge in every reasonable presumption against waiver of fundamental constitutional rights and will not indulge in any presumption of waiver. *State v. Bird*, 2001 MT 2, ¶ 35, 308 Mont. 75, ¶ 35, 43 P.3d 266, ¶ 35; *Park v. Sixth Jud. Dist. Court,* 1998 MT 164, ¶ 36, 289 Mont. 367, ¶ 36, 961 P.2d 1267, ¶ 36 (citing *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466); *State v. Lucero* (1968), 151 Mont. 531, 538, 445 P.2d 731, 735. Similarly, this Court will not engage in inferences of any such waiver. As the United States Supreme Court stated in the bedrock case of *Johnson v. Zerbst*, "[t]he constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused–whose life or liberty is at stake–is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." *Johnson v. Zerbst,* 304 U.S. at 465, 58 S.Ct. at 1023, 82 L.Ed. at 1467.

¶15    Although employing the formula, "If you plead guilty, you also waive your right to counsel" may streamline the process of obtaining a defendant's waiver and guilty plea, such a shortcut is not permissible where a person is waiving her fundamental right to counsel. The difference between, "By pleading guilty you waive your right to counsel," and "Do you waive your right to counsel?" is important; only the latter provides the defendant with the

7

opportunity to affirmatively and expressly waive the right. Combining the two issues into one affirmative statement increases the possibility that an unrepresented defendant may become confused and decreases the likelihood that she will be able to specifically, voluntarily, and knowingly waive her right to counsel as Montana law requires.

¶16 Today's ruling is one that benefits both the accused and the people of Montana. As the California Supreme Court stated in *In re Tahl* (Cal. 1969), 460 P.2d 449, 456 (overruled on other grounds by *Mills v. Municipal Court* (Cal. 1973), 515 P.2d 273), "trial court[s] would be well advised to err on the side of caution and employ the time necessary to explain adequately and to obtain express waiver of the rights involved. At stake is the protection of both the accused and the People, the latter by the assurance that an otherwise sound conviction will not fall due to an inadequate record."

¶17 In denying Howard's motion to dismiss, the District Court concluded that Howard's case was "on all fours" with the holding of *State v. Moga*, 1999 MT 283, 297 Mont. 1, 989 P.2d 856. Howard's case is, however, distinguishable. In *Moga*, we affirmed the district court's denial of a motion to dismiss where the defendant alleged that he had not waived his right to counsel. In that case, however, the judge who accepted the defendant's plea stated that it was his practice to advise defendants of their right to counsel and secure a waiver of that right from unrepresented defendants prior to entry of guilty pleas. *State v. Moga*, ¶ 13. Yet in the case at bar, the judge stated that it was his practice to secure the waiver and guilty

8

plea simultaneously. This practice does not offer the defendant the opportunity to expressly, affirmatively waive her right to counsel and consequently violates that right.

¶18    In summation, Judge Louden's testimony confirms Howard's assertion that she did not expressly waive her right to counsel prior to entering her plea. We conclude that the District Court's ruling that Howard validly waived her right to counsel was incorrect as a matter of law: waiver of the right to counsel must be express and must be secured before the entering of a guilty plea. Therefore, we hold that Howard's 1997 DUI conviction was constitutionally infirm and may not serve to enhance the October 2000 DUI conviction. Accordingly, we reverse the District Court's holding.

_W. William Leaphart_
                                    Justice

We concur:

_Karla M. Gray_
        Chief Justice

_Tony Trieweiler_

_____

Justices

9

Justice Jim Regnier dissenting.

¶19    I respectfully dissent. The Court essentially concludes that the Defendant did not expressly waive her right to an attorney when Judge Louden informed her that by pleading guilty, she waived her constitutional rights including her right to an attorney. The Court states that Judge Louden should have first asked the Defendant if she waived her right to counsel and then, in a separate sentence, asked her if she was pleading guilty. By doing so, according to the Court, we are assured the defendant is provided an opportunity to affirmatively and expressly waive the right to counsel.

¶20    The record is quite clear. Judge Louden advised Howard of her rights and specifically advised her of her right to counsel before she entered her guilty plea. Judge Louden also informed her that if she pled guilty, she was waiving those rights, including her right to counsel. Judge Louden made certain that the Defendant understood her rights and the effect of her entry of the guilty plea.

¶21    The colloquy that occurred in this case, in my view, was sufficient. Apparently Judge Louden and the District Court reached the same conclusion. The Defendant did not acquiesce in the waiver of her rights by pleading guilty. She pled guilty only after she was fully informed and understood that by pleading guilty, she waived her constitutional rights. In my judgment, the plea in this case was constitutionally valid. I would affirm the District Court and dissent from our failure to do so.

_____
Justice

10