No. 02-628

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 206

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

MARVIN A. MARKUSON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Lake, Cause No. DC 02-024
The Honorable Deborah Kim Christopher, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Benjamin R. Anciaux, Attorney at Law, Polson, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

        Robert Long, Lake County Attorney, Polson, Montana

Submitted on Briefs:  May 13, 2003

Decided:  August 12, 2003

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Marvin A. Markuson (Markuson) appeals from the judgment entered by the Twentieth Judicial District Court, Lake County, on his conviction and sentence for felony partner or family member assault. We affirm.

¶2 The issue on appeal is whether the District Court erred in denying Markuson's motion to dismiss.

### BACKGROUND

¶3 In August of 1989, Markuson was charged in the Lake County Justice Court (Justice Court) with misdemeanor partner or family member assault. He waived his right to be represented by counsel and pleaded guilty to the charge. In May of 2001, he again was charged in the Justice Court with misdemeanor partner or family member assault and again pleaded guilty after waiving his right to counsel. In February of 2002, the State of Montana (State) charged Markuson by information in the District Court with partner or family member assault. Based on his prior two convictions, the State charged Markuson with a third offense, which is a felony pursuant to § 45-5-206(3)(a)(iv), MCA.

¶4 Markuson moved the District Court to dismiss the information, arguing that his prior two misdemeanor convictions were constitutionally infirm because the Justice Court failed to advise him of the dangers and disadvantages of self-representation when he waived his right to counsel. Consequently, according to Markuson, his prior two convictions could not be used to enhance his current offense to a felony. The District Court denied the motion. Markuson subsequently pleaded guilty to felony partner or family member assault pursuant

2

to a plea agreement in which he expressly reserved his right to appeal the District Court's denial of his motion to dismiss. The District Court accepted his guilty plea, sentenced him and entered judgment on the conviction and sentence. Markuson appeals.

## STANDARD OF REVIEW

¶5 A district court's grant or denial of a motion to dismiss in a criminal case is a question of law which we review *de novo* on appeal. State v. Beanblossom, 2002 MT 351, ¶ 9, 313 Mont. 394, ¶ 9, 61 P.3d 165, ¶ 9 (citation omitted).

## DISCUSSION

¶6 Did the District Court err in denying Markuson's motion to dismiss?

¶7 Markuson contends that his two misdemeanor convictions for partner or family member assault in 1989 and 2001 are constitutionally infirm under both the United States and Montana Constitutions because the Justice Court failed to advise him of the dangers and disadvantages of proceeding without counsel prior to his waiving his right to counsel and entering guilty pleas to those offenses. As a result, according to Markuson, the two earlier convictions cannot be used to enhance the offense at issue in this case to a felony, and the information charging him with a felony should be dismissed.

¶8 A criminal defendant is guaranteed the right to assistance of counsel by the Sixth Amendment to the United States Constitution and Article II, Section 24, of the Montana Constitution. State v. Howard, 2002 MT 276, ¶ 11, 312 Mont. 359, ¶ 11, 59 P.3d 1075, ¶ 11. A defendant may waive the right to assistance of counsel as long as that waiver is made knowingly, voluntarily and intelligently. Howard, ¶ 12.

3

¶9     It is well-established in Montana that the State may not use constitutionally infirm prior convictions--such as where the defendant did not knowingly, voluntarily and intelligently waive his or her right to counsel--to enhance a subsequent charged offense such as the felony partner or family member assault charged in this case. Howard, ¶ 11 (citations omitted).  However, a rebuttable presumption of regularity attaches to prior convictions. Howard, ¶ 10.  In other words, a prior conviction is presumed to be valid absent evidence to the contrary.  A defendant may overcome the presumption that a prior conviction is valid by producing direct evidence of irregularity.  Howard, ¶ 10.  If the defendant produces such evidence, the burden then shifts to the State to establish by direct evidence that the prior conviction was not obtained in violation of the defendant's constitutional rights.  Howard, ¶ 10.

¶10    Here, Markuson attempted to overcome the presumption that his two prior misdemeanor convictions were valid by offering his affidavit stating that, in both proceedings, the Justice Court failed to advise him specifically of the dangers and disadvantages of proceeding without representation prior to waiving his right to counsel and pleading guilty.  He contends that, because he was not advised of the dangers and disadvantages of proceeding without representation, his waiver of his right to counsel was not knowing, voluntary and intelligent and, therefore, those convictions are constitutionally invalid.  The State responds that Markuson's affidavit is insufficient to overcome the presumption of regularity because there is no requirement that a court advise a defendant specifically of the dangers and disadvantages of proceeding without representation.

4

¶11 Markuson first cites State v. Colt (1992), 255 Mont. 399, 843 P.2d 747, and State v. Langford (1994), 267 Mont. 95, 882 P.2d 490, in support of his argument that a court must advise a criminal defendant of the dangers and disadvantages of self-representation prior to allowing a defendant to waive the right to counsel. Specifically, Markuson relies on those portions of Colt and Langford in which we quoted language from Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, which stated that a trial court must satisfy itself that a defendant is aware of the dangers and disadvantages of self-representation and that the defendant knows what he or she is doing by waiving the right to counsel. See Colt, 255 Mont. at 407, 843 P.2d at 751; Langford, 267 Mont. at 99, 882 P.2d at 492. We conclude that neither Colt nor Langford supports Markuson's argument here.

¶12 In Colt, we expressly stated that

> [t]his Court does not require district courts to adhere to a rigid set of requirements in ascertaining whether a defendant in a criminal proceeding has made a knowing and intelligent waiver of his right to counsel. District judges are in the best position to determine whether the defendant has made a knowing and intelligent waiver of his right to counsel. . . . Requiring the district courts to specifically discuss the dangers and disadvantages of pro se representation is far beyond the scope of what *Faretta* or our case law requires.

Colt, 255 Mont. at 406-07, 843 P.2d at 751. We further stated that trial courts are "in the best position to determine the extent, context, and degree of inquiry necessary to determine whether the individual before them has made a voluntary, knowing, and intelligent waiver of the right to counsel." Colt, 255 Mont. at 407, 843 P.2d at 752. We subsequently reaffirmed these statements in Langford. See Langford, 267 Mont. at 99-100, 882 P.2d at 492.

5

¶13    In this case, Markuson's affidavit states only that, with regard to his two misdemeanor convictions in Justice Court, "I was not advised of the dangers and disadvantages of waiving my right to an attorney when I did so or at any time thereafter."  As stated above, however, we held in both Colt and Langford that a trial court is not required to advise a defendant specifically of the dangers and disadvantages of self-representation as long as the court makes inquiry of the defendant to the extent it deems necessary to ensure that the defendant's waiver of counsel is voluntary, knowing and intelligent.  Markuson's affidavit does not state that the Justice Court failed to make any inquiry; nor does the affidavit state that the Justice Court failed to make sufficient inquiry.  We conclude that Markuson's affidavit does not establish, pursuant to Colt and Langford, that his waivers of counsel in the earlier misdemeanor cases were not voluntary, knowing and intelligent.  Consequently, his affidavit is insufficient to rebut the presumption that those convictions were constitutionally valid.

¶14    Markuson also relies on United States v. Akins (9th Cir. 2001), 276 F.3d 1141, in support of his argument that the Justice Court was required to advise him specifically of the dangers and disadvantages of self-representation.  In Akins, the defendant was charged with the offense of possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence, a violation of 18 U.S.C. § 922(g)(9).  The defendant moved to dismiss the charge, arguing that his underlying misdemeanor conviction was constitutionally invalid because he did not knowingly and intelligently waive his right to counsel when he pleaded guilty to that offense.  The trial court denied his motion.  Akins, 276 F.3d at 1145.

6

¶15     On appeal, the United States Court of Appeals for the Ninth Circuit observed that 18

U.S.C. § 921(a)(33)(B)(i), provides a statutory defense to an alleged violation of § 922(g)(9),

in that a defendant will not be considered to have been convicted of a misdemeanor crime

of domestic violence unless the defendant was represented by counsel or knowingly and

intelligently waived the right to counsel.  After some discussion of what constitutes a

knowing and intelligent waiver of the right to counsel, the Ninth Circuit concluded that

Akins' waiver was not knowing and intelligent because he was not warned specifically of

the dangers and disadvantages of self-representation.  Akins, 276 F.3d at 1149.  The Ninth

Circuit recognized that, generally, a trial court is not required to engage in a prescribed form

colloquy with a defendant when determining whether a waiver of counsel is knowing and

intelligent.  Akins, 276 F.3d at 1146.  However, in reaching its ultimate conclusion, the

Ninth Circuit stated

> [w]e hold that for purposes of 18 U.S.C. § 922(g)(9), a defendant pleading
> guilty to a misdemeanor must be informed of the dangers and disadvantages
> of self-representation before waiver of the right to counsel will be deemed
> knowing and intelligent.

Akins, 276 F.3d at 1149.

¶16     The Ninth Circuit's holding in Akins that a defendant must be warned of the dangers

and disadvantages of self-representation was limited expressly to cases in which the

defendant is charged with a violation of 18 U.S.C. § 922(g)(9).  Markuson has not been

charged with that offense.  As a result, Akins does not support his argument in the present

case.

7

¶17   We conclude that, because Markuson's affidavit does not establish that his waivers of counsel in his prior misdemeanor cases were not voluntary, knowing and intelligent, his affidavit is insufficient to rebut the presumption of regularity attached to the earlier convictions.  We hold, therefore, that the District Court did not err in denying Markuson's motion to dismiss.

¶18   Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM REGNIER
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART