No. 02-577

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 222

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

VALOREE JEAN WOLFE,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Lake, Cause No. DC 02-58
The Honorable Deborah Kim Christopher, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Benjamin R. Anciaux, Attorney at Law, Polson, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

          Robert Long, Lake County Attorney, Polson, Montana


                Submitted on Briefs:  May 13, 2003

                      Decided:  August 25, 2003

Filed:

                _____
                              Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Valoree Jean Wolfe (Wolfe) appeals from the judgment entered by the Twentieth Judicial District Court, Lake County, on her conviction and sentence for felony driving under the influence (DUI).  We affirm.

¶2     The issue on appeal is whether the District Court erred in denying Wolfe's motion to dismiss.

## BACKGROUND

¶3     In April of 2002, the State of Montana (State) charged Wolfe by information with the offenses of DUI and driving while her license was suspended or revoked.  Because Wolfe had been convicted of DUI on three prior occasions, the State charged the DUI offense as a felony pursuant to § 61-8-731, MCA.  Wolfe moved the District Court to dismiss the DUI charge, arguing that one of her prior DUI convictions was constitutionally infirm because, when she waived her right to an attorney and pleaded guilty in that case, the Lake County Justice Court (Justice Court) failed to advise her of the dangers and disadvantages of self-representation.  Consequently, according to Wolfe, that prior conviction in Justice Court could not be used to enhance the current DUI charge to a felony.  The District Court denied her motion.  Wolfe subsequently pleaded guilty to both charged offenses pursuant to a plea agreement in which she reserved her right to appeal the District Court's denial of her motion to dismiss. The District Court accepted her guilty pleas, sentenced her and entered judgment on the convictions and sentences.  Wolfe appeals.

## STANDARD OF REVIEW

2

¶4     A district court's grant or denial of a motion to dismiss in a criminal case is a question of law which we review *de novo*. State v. Beanblossom, 2002 MT 351, ¶ 9, 313 Mont. 394, ¶ 9, 61 P.3d 165, ¶ 9 (citation omitted).

## DISCUSSION

¶5     Did the District Court err in denying Wolfe's motion to dismiss?

¶6     Wolfe contends that one of her prior DUI convictions is constitutionally infirm under both the United States and Montana Constitutions because the Justice Court failed to advise her of the dangers and disadvantages of proceeding without counsel prior to her waiving her right to counsel and pleading guilty to that offense. As a result, according to Wolfe, that prior conviction cannot be used to enhance the offense at issue here to a felony, and the felony DUI charge should be dismissed.

¶7     A criminal defendant is guaranteed the right to assistance of counsel by the Sixth Amendment to the United States Constitution and Article II, Section 24, of the Montana Constitution. State v. Howard, 2002 MT 276, ¶ 11, 312 Mont. 359, ¶ 11, 59 P.3d 1075, ¶ 11. A defendant may waive the right to assistance of counsel as long as that waiver is made knowingly, voluntarily and intelligently. Howard, ¶ 12.

¶8     It is well-established in Montana that the State may not use constitutionally infirm prior convictions--such as where the defendant did not knowingly, voluntarily and intelligently waive his or her right to counsel--to enhance a subsequent charged offense. See Howard, ¶ 11 (citations omitted). However, a rebuttable presumption of regularity attaches to prior convictions. Howard, ¶ 10. In other words, a prior conviction is presumed to be

3

valid absent evidence to the contrary. A defendant may overcome the presumption that a prior conviction is valid by producing direct evidence of irregularity. Howard, ¶ 10. If the defendant produces such evidence, the burden then shifts to the State to establish by direct evidence that the prior conviction was not obtained in violation of the defendant's constitutional rights. Howard, ¶ 10.

¶9     Here, Wolfe attempted to overcome the presumption that her prior DUI conviction in Justice Court was valid by offering her affidavit stating that the Justice Court failed to advise her specifically of the dangers and disadvantages of proceeding without representation prior to waiving her right to counsel and pleading guilty. She contends that, because she was not advised of the dangers and disadvantages of proceeding without representation, her waiver of the right to counsel was not knowing, voluntary and intelligent and, therefore, that conviction is constitutionally invalid. The State responds that Wolfe's affidavit is insufficient to overcome the presumption of regularity because there is no requirement that a court advise a defendant specifically of the dangers and disadvantages of proceeding without representation.

¶10    Wolfe relies on State v. Colt (1992), 255 Mont. 399, 843 P.2d 747, State v. Langford (1994), 267 Mont. 95, 882 P.2d 490, and United States v. Akins (9th Cir. 2001), 276 F.3d 1141, in support of her argument that a court must advise a criminal defendant of the dangers and disadvantages of self-representation prior to allowing a defendant to waive the right to counsel. We recently addressed identical arguments under similar facts in State v. Markuson, 2003 MT 206, 317 Mont.43, __ P.3d ___. There, we concluded that Akins did not support

4

Markuson's arguments because the United States Court of Appeals for the Ninth Circuit expressly limited application of <u>Akins</u> to cases in which the defendant is charged with violating 18 U.S.C. § 922(g)(9), and Markuson was not charged with that offense. <u>Markuson</u>, ¶ 16. Similarly, Wolfe has not been charged with violating 18 U.S.C. § 922(g)(9), and <u>Akins</u> is inapplicable here.

¶11  We also determined in <u>Markuson</u> that neither <u>Colt</u> nor <u>Langford</u> requires a court to advise a defendant specifically of the dangers and disadvantages of self-representation as long as the court makes inquiry of the defendant to the extent necessary to ensure the defendant's waiver of counsel is voluntary, knowing and intelligent. <u>Markuson</u>, ¶ 13. Here, as in <u>Markuson</u>, Wolfe's affidavit in support of her motion to dismiss does not state that the Justice Court failed to make any inquiry or that the court's inquiry was insufficient to ensure her waiver of counsel was voluntary, knowing and intelligent.

¶12  We conclude that Wolfe's affidavit in support of her motion to dismiss does not establish that her waiver of counsel in her prior DUI conviction was not voluntary, knowing and intelligent. As a result, we further conclude that her affidavit is insufficient to rebut the presumption of regularity attached to that earlier conviction. We hold, therefore, that the District Court did not err in denying Wolfe's motion to dismiss.

¶13  Affirmed.

/S/ KARLA M. GRAY

We concur:

5

/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE