No. 03-142

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 269N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

LORI SIRUCEK,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Lake, Cause No. DC-02-59,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Benjamin R. Anciaux, Attorney at Law, Polson, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

            Robert J. Long, Lake County Attorney, Polson, Montana

Submitted on Briefs: July 17, 2003

Decided:  September 30, 2003

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Appellant, Ms. Sirucek (Sirucek), appeals from a judgment entered in the Twentieth Judicial District Court, Lake County, convicting her of Driving Under the Influence of Alcohol or Drugs, § 61-8-731, MCA.

¶3 In April of 2002, the State of Montana (State) charged Sirucek by information with the offense of DUI. Because Sirucek had been convicted of DUI on three prior occasions, the offense was charged as a felony. Sirucek moved the District Court to dismiss the felony charge arguing that all of her prior DUI convictions were constitutionally infirm because even though she waived her right to an attorney and pled guilty, the court that convicted her in each case failed to advise her of the dangers and disadvantages of self-representation. Consequently, she argues, these prior convictions could not be used to enhance the current DUI charge to a felony. The District Court denied her motion. She pled guilty to DUI, reserving her right to appeal the denial of her motion to dismiss. Judgment was entered and she now appeals.

¶4 On February 11, 2003, we entered an order amending Section 1.3 of our 1996 Internal Operating Rules. The amended Section 1.3(d) provides in relevant part:

2

(i) After all briefs have been filed in any appeal, the Supreme Court by unanimous action may, sua sponte, enter an order or memorandum opinion affirming the judgment or order of the trial court for the reason that it is manifest on the face of the briefs and the record that the appeal is without merit because:

(1) the issues are clearly controlled by settled Montana law or federal law binding upon the states;

(2) the issues are factual and there clearly is sufficient evidence to support the jury verdict or findings of fact below; or

(3) the issues are ones of judicial discretion and there clearly was not an abuse of discretion.

We conclude that this is an appropriate case to decide pursuant to our February 11, 2003, order.

¶5 The identical issue presented by Sirucek, whether her prior DUI convictions were constitutionally infirm because even though she waived her right to an attorney and pled guilty, the convicting courts failed to advise her of the dangers and disadvantages of self-representation, has recently been decided in three other appeals: *State v. Markuson*, 2003 MT 206, 317 Mont. 43, 75 P.3d 298; *State v. Wolfe*, 2003 MT 222, 317 Mont. 173, __P.3d__; and *State v. Joseph*, 2003 MT 226, 317 Mont. 186, __P.3d__. In each instance, we held that merely stating that defendant was not advised specifically of the dangers and disadvantages of proceeding without counsel is insufficient to overcome the presumption that a prior conviction was valid.

¶6 The issue raised by Sirucek being clearly controlled by settled Montana law, we affirm the judgment of the District Court.

3

/S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JIM RICE