No. 02-734

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 297N

STATE OF MONTANA,

   Plaintiff and Respondent,

 v.

BRUCE DOUGLAS STRAWN,

   Defendant and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,
      In and for the County of Lake, Cause No. DC 02-14,
      The Honorable Deborah Kim Christopher, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

     Larry J. Nistler, Attorney at Law, Polson, Montana

   For Respondent:

     Hon. Mike McGrath, Attorney General; Jennifer Anders,
     Assistant Attorney General, Helena, Montana

     Robert J. Long, Lake County Attorney, Polson, Montana

       Submitted on Briefs: August 7, 2003

         Decided: October 30, 2003

Filed:

_____
       Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Appellant, Bruce Strawn (Strawn), appeals from a judgment entered in the Twentieth Judicial District Court, Lake County, convicting him of Driving Under the Influence of Alcohol or Drugs, pursuant to §§ 61-8-731, 61-8-401(1)(a), MCA.

¶3 In January of 2002, the State of Montana (State) charged Strawn by information with the offense of DUI. Because Strawn had been convicted of DUI on three prior occasions, the offense was charged as a felony. Strawn moved the District Court to dismiss the felony charge arguing that two of his prior DUI convictions were constitutionally infirm because even though he waived his right to an attorney and pled guilty, the court that convicted him in each case failed to advise him of the dangers and disadvantages of self-representation. Consequently, he argued, these prior convictions could not be used to enhance the current DUI charge to a felony. The District Court denied his motion. He pled guilty to DUI, reserving his right to appeal the denial of his motion to dismiss. Judgment was entered and he now appeals.

¶4 On February 11, 2003, we entered an order amending Section 1.3 of our 1996 Internal Operating Rules. The amended Section 1.3(d) provides in relevant part:

> (i) After all briefs have been filed in any appeal, the Supreme Court by unanimous action may, sua sponte, enter an order or memorandum opinion

2

affirming the judgment or order of the trial court for the reason that it is manifest on the face of the briefs and the record that the appeal is without merit because:

(1) the issues are clearly controlled by settled Montana law or federal law binding upon the states;

(2) the issues are factual and there clearly is sufficient evidence to support the jury verdict or findings of fact below; or

(3) the issues are ones of judicial discretion and there clearly was not an abuse of discretion.

We conclude that this is an appropriate case to decide pursuant to our February 11, 2003, order.

¶5 The identical issue presented by Strawn whether his prior DUI convictions were constitutionally infirm because even though he waived his right to an attorney and pled guilty, the convicting courts failed to advise him of the dangers and disadvantages of self-representation, has recently been decided in four other appeals: *State v. Markuson*, 2003 MT 206, 317 Mont. 43, 75 P.3d 298; *State v. Wolfe*, 2003 MT 222, 317 Mont. 173, 75 P.3d 1271; *State v. Joseph*, 2003 MT 226, 317 Mont. 186, 75 P.3d 1273; and *State v. Sirucek,* 2003 MT 269N, ___ Mont. ___, 77 P.3d 556. In each instance, we held that merely stating that defendant was not advised specifically of the dangers and disadvantages of proceeding without counsel is insufficient to overcome the presumption that a prior conviction was valid.

¶6 The issue raised by Strawn being clearly controlled by settled Montana law, we affirm the judgment of the District Court.

/S/ JOHN WARNER

3

We Concur:


/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART