DA 06-0806

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 271N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JEROME STACY GARDIPEE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDC 06-165
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeffry L. Olson, Assistant Public Defender, Great Falls, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

          Brant Light, Cascade County Attorney; Steve Bolstad, Deputy County Attorney, Great Falls, Montana

Submitted on Briefs:  October 3, 2007

Decided:  October 22, 2007

Filed:

_____
                    Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Jerome Stacy Gardipee (Gardipee) appeals from the District Court's order denying his motion to dismiss the felony partner family member assault charge against him due to alleged constitutionally deficient prior convictions. We affirm the District Court's order.

¶3 The State charged Gardipee with felony partner family member assault in violation of § 45-5-206(1)(a), MCA, on March 30, 2006. The State premised the felony charge upon Gardipee's two previous convictions of domestic abuse entered on July 21, 1993, and July 16, 1996. Gardipee filed a motion to dismiss the felony charge on the grounds that the two prior convictions were constitutionally invalid due to the presiding judge's failure to obtain an express waiver of his right to counsel in each case.

¶4 The District Court conducted two separate hearings on the matter, the first on September 7, 2006, and the second on September 21, 2006. At the first hearing, counsel for Gardipee and the State made arguments on the motion, but neither party presented any evidence beyond the exhibits attached to Gardipee's motion. Gardipee's exhibits included the Complaint in each case, the Court Minutes form filled out by Great Falls Municipal Court Judge Nancy J. Luth, and the Municipal Court sentence in each case. The State

disputed at this first hearing whether Gardipee's evidence constituted direct evidence that he did not "knowingly and intelligently waive his right to counsel."

¶5 The District Court found some merit in Gardipee's position, but agreed with the State that Gardipee "hasn't made a showing today." The District Court determined that "the defendant isn't prepared today to present the necessary evidence to shift the burden to the State . . . ." The District Court therefore continued the hearing with a directive to Gardipee to present direct evidence in the form of the live testimony of Judge Luth, an affidavit from Judge Luth, or through Gardipee's own testimony or affidavit that would establish a prima facia claim that he did not knowingly and intelligently waive his right to counsel in the earlier domestic abuse cases.

¶6 Judge Luth testified at the second hearing. She testified that she had no specific recollection of Gardipee's cases, but she recognized the documents relating to Gardipee's two convictions in the domestic abuse cases in her court. The documents indicated that Gardipee had entered a plea of guilty in each case and did so without the aid of counsel. In each case, Judge Luth made hand-written notations on a standard form that indicated that Gardipee had waived his right to counsel although some ambiguity surrounded the notations on one of the documents. Judge Luth recited her normal procedure for advising defendants of their rights. Judge Luth further testified that she would not accept a guilty plea from someone who did not understand his rights. Based on the evidence presented at the hearing, the District Court determined that Gardipee had made a knowing and intelligent waiver of his right to counsel in both the 1993 and 1996 domestic abuse cases. Gardipee appeals.

¶7 Gardipee argues on appeal that the municipal court judge failed to ask him explicitly whether he waived his right to counsel before entering his plea of guilty in violation of the standards set forth in our decision in *State v. Howard*, 2002 MT 276, 312 Mont. 359, 59 P.3d 1075. Gardipee further contends that the municipal court judge's practice of foregoing an individual advisement of each defendant of the right to counsel in lieu of a collective advisement to all defendants present created a high possibility for confusion in violation of *Howard* and precluded Gardipee from making a knowing and intelligent waiver of counsel. The State counters that Gardipee failed to present direct evidence in the form of testimony or an affidavit from Gardipee that established an irregularity in one of Gardipee's earlier convictions. The State contends that Gardipee's failure to rebut the presumption of regularity attaching to criminal convictions fails to overcome the standards set in *State v. Moga*, 1999 MT 283, ¶ 11, 297 Mont. 1, ¶ 11, 989 P.2d 856, ¶ 11.

¶8 We review *de novo* the legal question of whether a district court properly denied a motion to dismiss. *State v. Snell*, 2004 MT 334, ¶ 18, 324 Mont. 173, ¶ 18, 103 P.3d 503, ¶ 18. We determine whether a district court's conclusion of law is correct. *Snell*, ¶ 18. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

¶9 We affirm.

/S/ BRIAN MORRIS

4

We Concur:


/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE