DA 08-0214

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 138N

RICHARD JON RING,

      Petitioner and Appellant,

    v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-07-1673
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Richard Jon Ring, (self-represented litigant); Deer Lodge, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; Micheal S. Wellenstein, Assistant Attorney General; Helena, Montana

      Fred R. Van Valkenburg, Missoula County Attorney; Missoula, Montana

Submitted on Briefs:  February 4, 2009

Decided:  April 21, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Richard Jon Ring appeals the District Court's denial of his petition for postconviction relief. Ring pled guilty to a felony DUI charge and was sentenced in December of 2002. The written judgment was entered March 12, 2003. The DUI charge was based on prior DUI convictions, including a 1997 conviction. Ring asserted ineffective assistance of counsel for failing to investigate flaws in the predicate offenses and failure of the prosecutor to disclose material evidence. The District Court explained that Ring had previously filed a motion to withdraw plea within his criminal case which the court had deemed to be a petition for postconviction relief and denied, and that Ring's current pleading raised virtually the same issues.

¶3 Ring argues that the felony DUI conviction cannot stand because he did not waive his right to counsel during his 1997 conviction, and thus his 2003 conviction could only be a misdemeanor. He asserts that our ruling in *State v. Howard*, 2002 MT 276, 312 Mont. 359, 59 P.3d 1075, establishes that his 1997 conviction cannot stand.

¶4	Section 46-21-102, MCA, provides that a postconviction petition must be filed "within 1 year of the date that the conviction becomes final," except:

> A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

¶5	The District Court denied Ring's petition because it was filed beyond the one year statutory limitation and was thus time barred. Ring argues that "everyone knew but me" about the *Howard* decision, and thus implies that *Howard* constitutes newly discovered evidence which should satisfy the exception to the one year statutory limitation.

¶6	Ring has not shown that a published court opinion qualifies as newly discovered evidence that warrants disregarding the one year limitation. Therefore, whether or not *Howard* would operate to invalidate Ring's 1997 conviction, the District Court properly denied Ring's petition on the grounds that it was beyond the statutory time limit.

¶7	It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

3

¶8     Affirmed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS