**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Felicitas N. FULLER, Defendant–
Appellant.**

**No. 90–10263.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1991.

Decided Aug. 13, 1991.

**994**

Harold F. Parker, Agana, Guam, for defendant-appellant.

Karon V. Johnson, Agana, Guam, for plaintiff-appellee.

Before SCHROEDER, FLETCHER and FERGUSON, Circuit Judges.

SCHROEDER, Circuit Judge:

Felicitas Ngalot Fuller appeals from the district court's denial of her motion to withdraw an uncounseled guilty plea. We are presented with a clear violation of the sixth amendment's guarantee of the right to counsel. It is apparent from the record below that in agreeing to the plea, Fuller was uninformed and was relying solely upon the advice of the government. We reverse and remand with instructions to the district court to permit Fuller to withdraw her guilty plea.

Appellant-defendant Felicitas Ngalot Fuller was arrested on November 8, 1989, after her husband reported to the Immigration and Naturalization Service that she had previously been married and had entered this country from the Philippines on a visa falsely stating that she was unmarried. The government detained her until November 22, when she appeared for the first time in district court and, without benefit of counsel, first waived the right to a grand jury indictment and then pled guilty to one count of use of a false visa. *See* 18 U.S.C. § 1546(a). The plea agreement had been drafted by the government. The entire inquiry of the court into Fuller's understanding of her right to counsel and her waiver of that right is set forth in the margin.[1]

---

1. The relevant portion of the transcript provides:

> THE COURT: It's obvious that you do not have an attorney. You have the right to be represented by an attorney. You understand that?
> THE DEFENDANT: (Through the interpreter) Understood.
> THE COURT: Do you want an attorney to represent you in this case?
> THE DEFENDANT: (Nodding negatively.) No, Your Honor.
> THE COURT: Why is it that you do not want an attorney?
> THE DEFENDANT: I just—(whereupon the defendant conversed with the interpreter). Your Honor, I plead guilty.
> THE COURT: Well, we'll come to that. Is the court to understand that you do not want an attorney because you have entered into a plea agreement with the government?
> THE DEFENDANT: (Nodding).
> THE COURT: Yes?
> THE DEFENDANT: Yes.
> THE COURT: And are you satisfied with the provisions of the plea agreement?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And is it because you are satisfied with the provisions of that plea agreement that you feel you do not need an attorney?
> THE DEFENDANT: No, Your Honor.
> THE COURT: You have entered into a plea agreement with the government. And the plea agreement which is on file in this court was signed by you today. Do you remember that? Do you remember signing the plea agreement?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Did somebody help you in trying to understand the plea agreement before you signed it?
> THE DEFENDANT: Yeah.
> THE COURT: Who helped you?
> THE DEFENDANT: (Pointing to Assistant U.S. Attorney).

From that colloquy, it is apparent that Fuller had never consulted with counsel, that she had discussed her situation only with INS agents and the Assistant U.S. Attorney, and that she expressly relied on the "assistance" of the Assistant U.S. Attorney to understand the plea agreement. The district court did not advise her of her right to have counsel appointed for her if she could not afford counsel, nor did the district court make any attempt to explain to her how counsel could be of assistance. Nothing in the record suggests that Fuller ever made a conscious, voluntary and informed decision to represent herself. The record does make clear that she was 23 years old, had a limited command of English, had received only a sixth-grade education, and had been told by the government that if she pled guilty she would go home to the Philippines.

The district court accepted Fuller's guilty plea, sentenced her to three years of unsupervised probation and ordered her not to enter the United States again illegally. The INS then instituted deportation proceedings.

It was in connection with the deportation proceedings that Fuller received the assistance of a public defender. In April 1990, Fuller's counsel filed a section 2255 habeas corpus motion to withdraw her guilty plea, contending, we conclude correctly, that government misconduct denied her her right to counsel during the plea negotiations and that her inability to understand the charges against her and their consequences rendered her guilty plea invalid.

The district court held a hearing on the section 2255 motion. Fuller testified that the INS informed her of her rights but she did not understand them; the government's witnesses testified that she did understand them. She testified that she repeatedly asked for counsel during the course of the plea negotiations, and government witnesses disputed this as well. There was no evidence that the INS or U.S. Attorney's Office ever explained how counsel might have assisted Fuller, or that she made a decision, informed or otherwise, to represent herself. The district court denied the section 2255 motion because it considered the plea to have been valid so long as the record showed Fuller's acknowledgment that she understood her right to counsel at the time she entered the plea. This appeal followed.

Our law has long recognized that a defendant has the right to assistance of counsel in deciding whether or not to plead guilty. "A waiver of the constitutional right to the assistance of counsel is of no less moment to an accused who must decide whether to plead guilty than to an accused who stands trial." *von Moltke v. Gillies,* 332 U.S. 708, 721, 68 S.Ct. 316, 322, 92 L.Ed. 309 (1948) (plurality). To ensure enforcement of this constitutional right, the law has developed a number of safeguards designed to ensure that a defendant who pleads guilty without counsel does so in the exercise of free and intelligent choice. *See generally,* 2 W. Lafave & J. Israel, *Criminal Procedure* § 11.3 (1984); 1 C. Wright, *Federal Practice and Procedure,* Criminal 2d § 171.1 (1982). All of these safeguards were absent in this case.

Under Fed.R.Crim.P. 11(c)(2), a district court is not to accept a plea of guilty until it is satisfied that the defendant understands that she has a right to counsel at every stage of the proceedings. In this case, the district court never advised Fuller that she had a right to counsel during plea negotiations. In fact, in denying the motion to withdraw the plea, the district court stated that whether Fuller had ever been advised of her rights by the INS before she appeared in court was irrelevant.

If Fuller had wished to waive her absolute right to representation by counsel and to represent herself voluntarily, then the record should establish that she made the choice of self-representation "with eyes open." *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) (quoting *Adams v. United States,* 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942)). This record does not show that Fuller ever made a knowing and intelligent choice to represent herself.

We have held that, to ensure knowing waiver of counsel, the accused must appre-

**996**

ciate the possible consequences of mishandling the case and must be aware that a lawyer's experience and professional training may be of great benefit in assisting the defendant. *See United States v. Gillings,* 568 F.2d 1307, 1308–09 (9th Cir.) (the record must show "that the defendant understands the charges and the manner in which an attorney can be of assistance"), *cert. denied,* 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 760 (1978); *see also United States v. Balough,* 820 F.2d 1485, 1487–88 (9th Cir.1987); *United States v. Kimmel,* 672 F.2d 720, 721 (9th Cir.1982). A trial court not only discharges its obligation to the accused but immeasurably simplifies our review of an accused's appreciation of the risks inherent in self-representation by explicitly communicating them to the defendant. *Kimmel,* 672 F.2d at 722. In this case, the district judge never discussed with Fuller the dangers of self-representation. Furthermore, the record affirmatively shows that Fuller was ignorant about how counsel could assist her.

We have held that, in an exceptional case, the record may support an uncounseled guilty plea even where the trial court deviates from the comprehensive inquiries ordinarily required. We have done so only when the deprivation was less significant than in this case, and where circumstances such as age, previous experience with the law, education and other factors supported a finding of knowing waiver of the right to counsel. *See, e.g., Kimmel,* 672 F.2d at 722; *Cooley v. United States,* 501 F.2d 1249, 1250–52 (9th Cir.1974), *cert. denied,* 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975); *see also Gillings,* 568 F.2d at 1309. Given Fuller's limited education, her unfamiliarity with English, her young age and lack of experience within the legal system, there is no basis in this record for a finding that she knowingly waived her right to counsel.

The judgment of the district court is REVERSED and the case REMANDED WITH INSTRUCTIONS to grant defendant's motion to withdraw the guilty plea, to permit the defendant to plead not guilty and for the conduct of further proceedings.