**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frank Preston AKINS, Defendant–
Appellant.**

No. 99–30241

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2000

Opinion Filed March 27, 2001

Amended Opinion Filed Jan. 10, 2002

Thomas M. Monaghan, Federal Defenders of Eastern Washington and Idaho, Yakima, Washington, for the defendant-appellant.

Jane M. Kirk, Assistant United States Attorney, Eastern District of Washington, Yakima, Washington, for the plaintiff-appellee.

Before: PREGERSON, D.W. NELSON, Circuit Judges, and KARLTON, District Judge.*

## ORDER DENYING PETITION FOR REHEARING/REHEARING EN BANC AND AMENDED OPINION

### ORDER

The opinion filed on March 27, 2001, appearing at 243 F.3d 1199 is hereby amended.

With this amended opinion, the panel as constituted above has voted to deny the petition for rehearing. Judge Pregerson has voted to deny the petition for rehearing en banc, and Judges D.W. Nelson and Karlton so recommend.

The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for panel rehearing with petition for rehearing en banc is denied.

### OPINION

D.W. NELSON, Circuit Judge:

Frank Preston Akins appeals his conviction, following a bench trial, for possession of a firearm by a person convicted of a "misdemeanor crime of domestic violence" in violation of 18 U.S.C. § 922(g)(9). Although Akins challenges his conviction on numerous grounds, we address only his contention that his firearms possession was not a federal crime under § 922(g)(9) because he did not knowingly and intelligently waive the right to counsel in the predicate domestic violence conviction as required under 18 U.S.C. § 921(a)(33). Because we agree that Akins did not knowingly and intelligently waive the right to counsel in his previous conviction, we reverse the district court and remand with instructions to dismiss the indictment.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 1989, Akins was convicted in the Yakima County Superior Court of fourth degree assault against his girlfriend. Akins signed a guilty plea which also purported to serve as a waiver of his Sixth Amendment right to counsel.[1]

---

* The Honorable Lawrence K. Karlton, Chief Judge Emeritus for the Eastern District of California, sitting by designation.

1. The waiver stated:

 I understand the charge against me and have received a copy of the complaint.

 I understand that I am presumed innocent and that if I plead "not guilty" I could not be found guilty unless evidence at my trial proved my guilt beyond a reasonable doubt. I understand that I can be sentenced to the maximum jail term and fines provided by law. The maximum penalty is 365 days and $5000. The mandatory penalty is 0 hours/days and $0.

 My plea of guilty is a knowing and intelligent waiver of my right to a trial by a judge or jury, or [sic] my right to remain silent, of my right to face my accuser and witnesses against me, of an appeal, and of my right to an attorney, even at public expense, unless I am already represented by one.

 This plea is made voluntarily and with full knowledge of the consequences including (for certain offenses) the loss of my driving privilege and in some cases Habitual Traffic Offender status. It may be

The record does not reflect that the court ever engaged in a colloquy with Akins regarding the meaning of the waiver or provided any further warnings apart from those contained in the written waiver. Akins was sentenced to 90 days in jail, 88 of which were suspended, with credit for time served, and fined $300.

In December of 1998, Akins was indicted for possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). Akins filed a motion to dismiss the indictment, arguing that it failed to allege a prior misdemeanor crime of domestic violence, as defined for purposes of 18 U.S.C. § 922(g)(9), because Akins had not knowingly and intelligently waived his right to counsel prior to his 1989 conviction. The district court denied the motion, finding that "[i]n the 1989 misdemeanor conviction, the Defendant's waiver of counsel was adequate for his conviction."

The case then proceeded to trial. Before trial, the parties agreed to various factual stipulations. The parties stipulated that on July 24, 1997, Akins knowingly possessed a Winchester Model 94, .30–30 caliber rifle, and that this rifle had been shipped in interstate commerce. The parties further stipulated that at the time he possessed the firearm, Akins had previously been convicted on November 30, 1989, of fourth degree assault.[2] The only issue to be decided at trial was whether Akins was "similarly situated to a spouse ... of the victim" in his 1989 misdemeanor assault conviction. 18 U.S.C. § 921(a)(33)(A)(ii). After entertaining argument on this matter, the court found Akins guilty and sentenced him to ten months imprisonment to be followed by a three year term of supervised release. Akins filed a timely notice of appeal challenging, among other things, the district court's denial of his motion to dismiss the indictment.

## DISCUSSION

1. *Definition of "Misdemeanor Crime of Domestic Violence"*

We must decide whether Akins knowingly and intelligently waived the right to counsel such that his 1989 conviction qualifies as a "misdemeanor crime of domestic violence" within the meaning of 18 U.S.C. § 922(g)(9).

Akins was convicted of violating 18 U.S.C. § 922(g)(9), which makes it a crime for any person "who has been convicted in any court of a misdemeanor crime of domestic violence, to ... possess in or affecting commerce, any firearm or ammunition." Title 18 U.S.C. of the United States Code, § 921(a)(33)(B)(i), creates a statutory defense, "[a] person shall not be considered to have been convicted of [a misdemeanor crime of domestic violence] for purposes of this chapter unless—(I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case."

grounds to revoke any parole or probation. If I am not a United States citizen, a guilty plea may be grounds for deportation, exclusion from admission, or denial of naturalization privileges under the laws of the United States. I understand that I may be required to pay restitution (damages) for certain crimes involving personal injury or property damage.

I understand the above and plead guilty to the charge.

**2.** In an April 6, 2000, letter brief responding to the panel's request for additional briefing on the issue of whether knowing and intelligent waiver of counsel is an element of the § 922(g)(9) offense, the government argues for the first time that as a result of his pretrial factual stipulations, Akins waived his right to challenge the indictment on appeal. We consider this argument untimely and decline to consider it.

Under the terms of the statute, then, an indictment under § 922(g)(9) cannot stand if the defendant was not represented by counsel and did not knowingly and intelligently waive the right to counsel in the predicate misdemeanor. *Cf. United States v. Swanson,* 947 F.2d 914, 919 (11th Cir.1991) (dismissing an indictment based on the court's finding that restoration of the defendant's civil rights placed him within 18 U.S.C. § 921(a)(20)'s expungement exception). Because § 921(a)(33)(B)(i)(I) is a legal definition, its application presents a question of law to be decided by the trial judge. *See United States v. Bartelho,* 71 F.3d 436, 440 (1st Cir.1995) (holding that the applicability of § 921(a)(20)'s expungement exception is a question of law to be decided by the judge); *United States v. Flower,* 29 F.3d 530, 535 (10th Cir.1994) (same). We review de novo the district court's refusal to dismiss an indictment based on its interpretation of a federal statute. *United States v. Hagberg,* 207 F.3d 569, 571 (9th Cir.2000).

2. *Sixth Amendment "Knowing and Intelligent" Waiver Standard*

Under the Sixth Amendment, a criminal defendant has a constitutional right to be represented by counsel at all critical stages of the prosecution, *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), including the plea proceeding. *United States v. Fuller,* 941 F.2d 993, 995 (9th Cir.1991). The right to counsel applies in any offense—misdemeanor or felony—for which a term of imprisonment is imposed. *Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

Although a defendant has a constitutional right to represent himself, in order to do so he must knowingly and intelligently waive the right to counsel. *United States v. Balough,* 820 F.2d 1485, 1487 (9th Cir.1987). A waiver is knowing and intelligent only if it comes after the defendant has been "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (internal quotations omitted). We have consistently held that in order to knowingly and intelligently waive the right to counsel, the defendant must be made aware of (1) the nature of the charges against him; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation. *United States v. Farhad,* 190 F.3d 1097, 1099 (9th Cir.1999); *United States v. Mohawk,* 20 F.3d 1480, 1484 (9th Cir.1994); *United States v. Harris,* 683 F.2d 322, 324 (9th Cir.1982).

Although the Constitution does not require the court to engage in a prescribed discussion of each of these three items with the defendant, *Lopez v. Thompson,* 202 F.3d 1110, 1117 (9th Cir.2000) (en banc), we have recognized that a colloquy between the court and the accused assists in establishing on review that the waiver of counsel was knowing and intelligent. *See, e.g., Fuller,* 941 F.2d at 996 ("A trial court not only discharges its obligation to the accused but immeasurably simplifies our review of an accused's appreciation of the risks inherent in self-representation by explicitly communicating them to the defendant."); *United States v. Kimmel,* 672 F.2d 720, 722 (9th Cir.1982) ("We prefer trial courts to simplify our review by explaining the risks of self-representation to the accused."); *United States v. Aponte,* 591 F.2d 1247, 1250 (9th Cir.1978) ("Although a trial judge's failure to make a specific waiver inquiry is not per se reversible error, the only practical means available to protect against either a *Faretta* reversal or a *Dujanovic* reversal is to

make a record before allowing the case to proceed.").

In this case, the trial court provided no warning, either written or oral, of the dangers and disadvantages of self-representation. When no waiver inquiry appears on the record, we must look to "the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused" to determine whether the record as a whole supports a finding that the waiver was knowing and intelligent. *Kimmel*, 672 F.2d at 722(internal quotations omitted); *see also Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). In evaluating whether a waiver is valid, courts adopt "every reasonable presumption against waiver." *Johnson v. Zerbst*, 304 U.S. at 464, 58 S.Ct. 1019, 82 L.Ed. 1461.

3. *Waiver of Counsel in Misdemeanor Proceedings*

■ The government argues that the same standard should not apply when a defendant pleads guilty to a misdemeanor, as here. Although we have not previously addressed this exact question, we have implicitly held that a misdemeanor defendant must be informed of "the nature of the charges and the possible penalties, as well as the dangers and disadvantages of self-representation." *See United States v. Rylander*, 714 F.2d 996, 1005 (9th Cir. 1983) (internal quotations omitted) (holding that a defendant charged with criminal contempt did not knowingly and intelligently waive the right to counsel because he was not informed of the nature of the charges and the possible penalties); *see also United States v. Carpenter*, 91 F.3d 1282, 1285 (9th Cir.1996) (criminal contempt is a Class A misdemeanor for sentencing purposes).

Today, we make explicit that this standard applies to waiver of counsel by misdemeanor defendants at the plea stage. We disagree with those state courts that have concluded that a defendant need not be informed of the dangers and disadvantages of self-representation when pleading guilty to a misdemeanor. *See, e.g., State v. Maxey*, 125 Idaho 505, 873 P.2d 150, 154 (1994) ("We are not convinced ... that the judgments that confront a defendant who pleads guilty in a misdemeanor case are sufficiently difficult to warrant a requirement that the trial court must advise the defendant of the problems inherent in entering a plea without counsel."); *In re Johnson*, 62 Cal.2d 325, 336, 42 Cal.Rptr. 228, 235, 398 P.2d 420, 427 (1965) (expressing concern that imposing the same requirements in misdemeanor cases as in felonies would unduly burden the system).

■ The purpose of the constitutional right to counsel "is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights." *Johnson v. Zerbst*, 304 U.S. at 465, 58 S.Ct. 1019. Nowhere is counsel more important than at a plea proceeding. "[A]n intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney." *Brady v. United States*, 397 U.S. 742, 748 n. 6, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *see also Von Moltke v. Gillies*, 332 U.S. 708, 721, 68 S.Ct. 316, 92 L.Ed. 309 (1948) (Black, J., plurality opinion) ("A waiver of the constitutional right to the assistance of counsel is of no less moment to an accused who must decide whether to plead guilty than to an accused who stands trial.").

■ Because a guilty plea serves as a conviction and relieves the state of its burden of proof in a criminal case, ensuring the validity of the plea is of vital importance. *See Von Moltke*, 332 U.S. at 719, 68 S.Ct. 316. It may be difficult for a defendant, whether charged with a misdemeanor or a felony, to assess accurately his own

guilt without the assistance of counsel. "Substantive criminal law contains many complexities— intent standards, jurisdictional provisions, defenses, and so forth. The defendant may be 'guilty' in a layman's sense, and so be willing to confess, and yet may have a viable defense that he ought to invoke, or may be pleading guilty to the wrong grade of crime." William J. Stuntz, Waiving Rights in Criminal Procedure, 75 Va. L. Rev. 761, 830 (1989); *see also United States ex rel. McDonald v. Pennsylvania*, 343 F.2d 447, 451 (3rd Cir. 1965) ("The exercise of judgment on the factual issues, the legal problems of evidence by which facts may be proven, the elements and ingredients of the crime charged, all these are matters which no layman, however intelligent or how often embroiled in legal proceedings, can be presumed to comprehend adequately, especially when, because his own freedom is at stake, it would be impossible to expect of him the detached, impersonal judgment which is the unique contribution of a professional advisor."). Another threat to the accuracy of a guilty plea entered without the assistance of counsel is the danger that "innocent men pitted against trained prosecutorial forces may waive counsel and plead guilty to crimes they have not committed, if they think that by doing so they will avoid the publicity of trial, secure a break at the sentencing stage, or simply get the whole thing over with." *Molignaro v. Smith*, 408 F.2d 795, 801 (5th Cir. 1969).

 Recognizing the importance of the decision to plead guilty, we have held that a district court must inform a felony defendant of the dangers of self-representation prior to accepting a guilty plea. *Fuller*, 941 F.2d at 995–96. To invent a different rule simply because the crime charged is a misdemeanor would conflict with the reasoning of *Argersinger v. Hamlin*, in which the Supreme Court extended the right to counsel to all misdemeanor cases in which a term of imprisonment is imposed. In *Argersinger*, the Court specifically noted the importance of counsel at the plea proceeding in a misdemeanor case "so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." 407 U.S. at 34, 92 S.Ct. 2006. The Supreme Court in *Argersinger* also rejected the contention that misdemeanor charges are less complex than charges in felony cases: "We are by no means convinced that legal and constitutional questions involved in a case that actually leads to imprisonment even for a brief period are any less complex than when a person can be sent off for six months or more." *Id.* at 33, 92 S.Ct. 2006.

 The government argues that we should not apply the same standard to a defendant who will be sentenced to time served as to a defendant who is facing the death penalty. But we have never before considered the length of the potential sentence in determining whether a valid waiver of the right to counsel has occurred. Moreover, this case exemplifies the increasingly serious consequences for many convicted of misdemeanors.[3]

 Finally, we reject the contention that requiring a warning about the disadvantages of proceeding without counsel would overburden the system. Because a defendant must already appear before the court to enter a guilty plea, a brief exchange regarding the waiver of counsel

---

**3.** It is also true that an innocent defendant, unaware of the potential consequences of a misdemeanor conviction, may be more likely to waive counsel and plead guilty simply to "get the whole thing over with," especially if the defendant suspects he will be sentenced to time served, as in this case.

should not significantly increase the burden on the courts. While "the volume of misdemeanor cases, far greater in number than felony prosecutions, may create an obsession for speedy dispositions, regardless of the fairness of the result," we must continually guard against "assembly-line justice," in which expediency is placed ahead of fundamental fairness. *Id.* at 34, 35–36, 92 S.Ct. 2006. It is the duty of the courts to safeguard the fundamental right to liberty by ensuring that a defendant's waiver of the right to counsel is knowing and intelligent. *See Johnson v. Zerbst,* 304 U.S. at 465, 58 S.Ct. 1019, 82 L.Ed. 1461.

■■■ We hold that for purposes of 18 U.S.C. § 922(g)(9), a defendant pleading guilty to a misdemeanor must be informed of the dangers and disadvantages of self-representation before waiver of the right to counsel will be deemed knowing and intelligent. This case is distinguished from *United States v. Smith,* 171 F.3d 617 (8th Cir.1999), the only other federal case to interpret the meaning of knowing and intelligent waiver under § 921(a)(33)(B). In *Smith,* a panel of the Eighth Circuit concluded that a defendant who signed a waiver of his right to counsel when his attorney failed to appear at a plea hearing had knowingly and intelligently waived the right to counsel. *Id.* at 621–22. The panel based its holding on both the written waiver and on the defendant's prior invocation of the right to counsel which, it concluded, indicated that he recognized the usefulness of counsel. *Id.* at 622. Because Akins never invoked the right to counsel nor otherwise indicated that he understood the usefulness of counsel, the question in this case is ultimately whether a written waiver, stating only the maximum and minimum penalties for the offense, a few of the possible consequences of a guilty plea, and that the defendant "knowingly and intelligently" waives the right to counsel, is sufficient on its own to satisfy the knowing

and intelligent waiver requirement of § 921(a)(33)(B). We hold that it is not.

### 4. *Akins' 1989 Plea Proceeding*

■■ In this case, Akins waived his right to counsel and pleaded guilty during his first court appearance. The written waiver of the right to counsel signed by Akins provided only: "My plea of guilty is a knowing and intelligent waiver of my right . . . to an attorney, even at public expense, unless I am already represented by one." It went on to explain some of the possible consequences of a guilty plea. At no point, however, did it indicate the dangers and disadvantages of proceeding without counsel. Nor is there evidence that the court provided Akins with any warnings apart from those in the written waiver. Even assuming that Akins read the form before he signed it, there is nothing in the record to indicate that he understood what was printed on the waiver form. Finally, there is no evidence as to Akins' background and conduct that would allow us to conclude that the waiver of counsel was knowing and intelligent despite these deficiencies. Under these facts, the district court erred in concluding that Akins knowingly and intelligently waived the right to counsel in his 1989 conviction for fourth degree assault.

### CONCLUSION

Because the record in this case does not establish that Akins chose to waive the right to counsel with "eyes open," we reverse the district court and remand with instructions to dismiss the indictment.

REVERSED and REMANDED.