### UNITED STATES of America, Plaintiff–Appellee,

v.

### Francisco FERNANDEZ–ELIZALDE, Defendant–Appellant.

No. 01–10267.
D.C. No. CR–00–01371–JMR.

United States Court of Appeals, Ninth Circuit.

---

Submitted May 13, 2001 *.

Decided May 24, 2002.

Before FERNANDEZ, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Francisco Fernandez–Elizalde appeals the 37–month sentence imposed after his guilty-plea conviction to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C. § 3742, and affirm.

Fernandez–Elizalde contends the district court erred by improperly calculating his criminal history score. We review de novo the district court's determination that a prior conviction may be used in calculating the criminal history score, *see United States v. Allen*, 153 F.3d 1037, 1040 (9th Cir.1998), and find no error.

Fernandez–Elizalde argues the district court's use of his 1995 misdemeanor conviction violated *United States v. Akins*, 276 F.3d 1141, 1149 (9th Cir.2002), which held a defendant must be advised of the dangers of self-representation before the waiver of the right of counsel can be deemed knowing and intelligent.

Fernandez–Elizalde's reliance on *Akins* is misplaced, however, because the record in *Akins* did not contain a colloquy regarding Akins' Sixth Amendment rights. *Id.* at 1145 & n. 1. In contrast, the record here demonstrates Fernandez–Elizalde was orally informed of his right to counsel, and the trial court found he knowingly and intelligently waived his right to counsel.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Cf. id.* at 1147. Moreover, Fernandez–Elizalde has failed to present any evidence that the waiver was invalid. *See Allen*, 153 F.3d at 1041.

As such, the district court did not err by including the 1995 conviction when it computed Fernandez–Elizalde's criminal history score.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.