**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael Anthony SPENCER, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Michael Anthony Spencer, Defendant–Appellant.**

Nos. 04–10482, 04–10483.

United States Court of Appeals, Ninth Circuit.

Submitted on Briefs Aug. 11, 2005.*

Decided Aug. 22, 2005.

Patrick J. Walsh, AUSA, USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Michael Anthony Spencer, Adelanto, CA, pro se.

Mario Valencia, Henderson, NV, for Defendant–Appellant.

Before PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

MEMORANDUM**

Defendant–Appellant Michael Anthony Spencer ("Spencer") waived his right to counsel and represented himself in his probation revocation proceedings. Spencer now claims that he had not knowingly and intelligently waived his Sixth Amendment right to counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**A. Standard of Review**

Whether a waiver of the right to counsel was made knowingly, intelligently, and voluntarily is a mixed question of law and fact which is reviewed *de novo*. *See United*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropoiate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

States v. Robinson, 913 F.2d 712, 714 (9th Cir.1990).

## B. Validity of Spencer's "Farretta Waiver"

A criminal defendant has the constitutional right under the Sixth Amendment to represent himself, if he so chooses. *See Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). If a defendant elects to waive his right to counsel (a *"Faretta* Waiver"), his decision must be made knowingly and intelligently. *See United States v. Arlt,* 41 F.3d 516, 519 (9th Cir.1994).

According to Spencer, both the magistrate judge and the district court judge failed to thoroughly and specifically canvass him regarding his knowledge of the possible penalties which he faced and the dangers of representing himself during his probation revocation proceeding. We disagree.

During his initial appearance before the magistrate judge, Spencer informed the magistrate judge that he wished to represent himself at his upcoming probation revocation hearing. The magistrate judge continued the initial hearing for a day to give Spencer the opportunity to think about his decision. The next day, the magistrate judge questioned Spencer to determine whether he knowingly and voluntarily was waiving his right to be represented by counsel. The magistrate judge informed Spencer of the dangers of self representation and advised Spencer to accept representation of counsel. The magistrate judge concluded that Spencer was voluntarily, knowingly, and intelligently waiving his right to counsel. Prior to Spencer's probation revocation hearing, the prosecutor advised Spencer of the potential penalties that he would face. At

the probation revocation hearing, the district judge once again questioned Spencer about whether he wanted to proceed *pro se,* and provided Spencer the opportunity to withdraw his waiver of his right to counsel.

Because there is no need for the magistrate judge or district judge to "engage in a prescribed discussion" with a defendant for the defendant's *Faretta* Waiver to be deemed valid, *see United States v. Akins,* 276 F.3d 1141, 1146 (9th Cir.2002) (citing *Lopez v. Thompson,* 202 F.3d 1110, 1117 (9th Cir.2000) (en banc)), we conclude that Spencer knowingly and intelligently waived his Sixth Amendment right to counsel at his probation revocation hearing.

AFFIRMED.