**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAMES DENNIS LENIHAN, III,
*Defendant-Appellant.*

No. 06-30488

D.C. No.
CR-05-00150-SEH

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted May 11, 2007*
Portland, Oregon

Filed May 30, 2007

Before: Harry Pregerson, Pamela Ann Rymer, and
Susan P. Graber, Circuit Judges.

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

## COUNSEL

Mark D. Meyer, Great Falls, Montana, for the defendant-appellant.

Joseph E. Thaggard, Assistant United States Attorney, Great Falls, Montana, for the plaintiff-appellee.

## OPINION

PER CURIAM:

James Dennis Lenihan III appeals his conviction on Count III for possession of a firearm by a person convicted of a misdemeanor crime of domestic violence, pursuant to 18 U.S.C. § 922(g)(9), on the footing that his guilty plea to the predicate misdemeanor was accepted in violation of his Sixth Amendment right to counsel.[1] His plea was uncounseled and, Lenihan posits, his right to counsel was not knowingly and intelligently waived because he was not told of the dangers and disadvantages of self-representation. We previously extended the Sixth Amendment "knowing and intelligent" standard to misdemeanors in *United States v. Akins*, 276 F.3d 1141, 1147 (9th Cir. 2002), and invalidated the § 922(g)(9) conviction of a defendant who pled guilty to the underlying crime without being informed of those dangers and disadvantages before waiving the right to counsel. Since then, however, the United States Supreme Court held in *Iowa v. Tovar*,

---

[1]Section 922(g)(9) makes it a crime for any person "who has been convicted in any court of a misdemeanor crime of domestic violence, to . . . possess in or affecting commerce, any firearm or ammunition." Section 921(a)(33)(B)(i)(I) provides a defense to the § 922(g)(9) charge on which Lenihan was indicted; it states: "A person shall not be considered to have been convicted of [misdemeanor domestic violence] for purposes of this chapter, unless . . . the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case."

541 U.S. 77, 81 (2004), that the Sixth Amendment does not require such a rigorous warning for waiver of counsel at the pretrial stages of a criminal proceeding. In this, *Tovar* undermines *Akins*. Applying *Tovar,* we conclude that Lenihan failed to show that he did not knowingly and intelligently waive his right to counsel in the domestic violence proceeding, thus his attack on that conviction cannot prevail. Lenihan also submits that his conviction may not be used because he was not advised of the possibility that he could be prosecuted for carrying a firearm, but this is a collateral consequence of conviction that does not implicate the constitutionality of his waiver. Accordingly, we affirm.[2]

I

Prior to trial, Lenihan moved to dismiss Count III on the ground that his waiver fell short of what *Akins* requires. *Akins* held that "for purposes of 18 U.S.C. § 922(g)(9), a defendant pleading guilty to a misdemeanor must be informed of the dangers and disadvantages of self-representation before waiver of the right to counsel will be deemed knowing and intelligent." 276 F.3d at 1149. The district court held a hearing on the motion at which the Great Falls Municipal Court Judge, Hon. Nancy Luth, who presided at Lenihan's initial appearance when his plea was entered on the misdemeanor charge, was a witness. Typically for such proceedings, no transcript was made. However, Lenihan executed a written waiver of rights, and Judge Luth testified that it was her standard practice orally to advise defendants of the charges against them and of their constitutional rights, including the right to counsel. Judge Luth would also advise defendants charged with a domestic violence offense that the conviction "could impact your ability to lawfully carry a firearm." The district court denied Lenihan's motion to dismiss. It concluded that *Tovar* called *Akins*'s continuing vitality into ques-

---

[2]We resolve Lenihan's remaining issues in a memorandum disposition filed with this opinion.

tion, but that under either decision Lenihan's waiver was knowing and intelligent because he was advised that his conviction for partner or family-member assault might affect his right to carry a firearm.

II

Lenihan's timely appeal presents the issue whether a warning about the dangers and disadvantages of self-representation at the initial appearance on state misdemeanor charges is required for a knowing and intelligent waiver of counsel before entering a guilty plea. This, in turn, depends upon whether *Akins* — which requires that a defendant be informed of the dangers and disadvantages of self-representation when pleading guilty to a misdemeanor — remains good law in light of *Tovar.* As a three-judge panel we may reexamine controlling circuit precedent in the face of intervening Supreme Court authority. *Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc).

**[1]** In *Tovar*, the Court considered the requirements the Sixth Amendment imposes for waiver of counsel at a plea hearing in light of a division of opinion that was then represented, on the one hand, by *Akins*, 276 F.3d at 1146-47, and on the other, by *State v. Cashman*, 491 N.W.2d 462, 465-66 (S.D. 1992). The Iowa Supreme Court had required a trial court to advise a defendant that waiving the assistance of counsel in deciding to plead guilty entails the risk that a viable defense will be overlooked, and to admonish the defendant that by waiving the right to counsel he loses the opportunity to obtain an independent opinion on whether it is wise to plead guilty. *See Tovar*, 541 U.S. at 81. The United States Supreme Court held that neither warning was mandated by the Constitution. In so doing, it embraced the same "pragmatic approach to the waiver question" espoused for post-indictment questioning by police and prosecutor in *Patterson v. Illinois*, 487 U.S. 285, 298 (1988). This approach keys on " 'what purposes a lawyer can serve at the particular stage of

the proceedings in question, and what assistance he could provide to an accused at that stage.' " *Tovar*, 541 U.S. at 90 (quoting *Patterson*, 487 U.S. at 298). As the Court explained, less rigorous warnings are required pretrial because, "at that stage, 'the full dangers and disadvantages of self-representation . . . are less substantial and more obvious to an accused than they are at trial.' " *Id.* (quoting *Patterson*, 487 U.S. at 299). Therefore, even if the defendant " 'lacked a full and complete appreciation of all of the consequences flowing from his waiver, it does not defeat the State's showing that the information it provided to him satisfied the constitutional minimum.' " *Id.* at 92 (quoting *Patterson*, 487 U.S. at 294).

It is clear that *Tovar* resolved the conflict by opting for a pragmatic approach based on the "particular facts and circumstances surrounding" the case, rather than by requiring the kind of "scripted admonitions" favored by *Akins*. *Tovar*, 541 U.S. at 92 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). In addition, the Court left no doubt that it is the defendant's burden in a collateral attack on an uncounseled conviction to prove that he did not competently and intelligently waive his right to the assistance of counsel. *Id.* We conclude that we are now bound by *Tovar*.

**[2]** Here, as in *Tovar*, Lenihan does not claim that he did not understand the misdemeanor domestic violence charge or the range of punishments for that offense before pleading guilty. Neither does he suggest that he did not realize he had the right to counsel's advice before deciding to enter a guilty plea. The charge itself was straightforward. Apart from arguing that the lack of information about the dangers and disadvantages of self-representation in and of itself vitiated his waiver — an argument which had force under *Akins* but fails under *Tovar* — Lenihan's only submission is that he didn't know that his misdemeanor conviction carried the consequence of forfeiting his right to bear arms or that it could lead to a subsequent prosecution for possessing a firearm in violation of § 922(g)(9). However, he *was* advised that he could

lose the right to carry a firearm; and the possibility of later being prosecuted if he did carry one is a collateral consequence that does not implicate the constitutionality of his waiver. *See United States v. Bethurum*, 343 F.3d 712, 718 (5th Cir. 2003) (rejecting the same argument based on § 921(a)(33)(B)(i)); *Bargas v. Burns*, 179 F.3d 1207, 1216 (9th Cir. 1999) (holding that a defendant must only be informed of direct, and not collateral, consequences of a guilty plea); *United States v. King*, 618 F.2d 550, 552 (9th Cir. 1980) (same); *see also Nichols v. United States*, 511 U.S. 738, 748 (1994) (indicating that an uncounseled misdemeanor conviction could be used to enhance a later sentence without a warning regarding the collateral consequences of the conviction).

**[3]** For these reasons, we affirm. *Tovar* effectively overruled *Akins.* And Lenihan failed to carry his burden of showing that he did not knowingly and intelligently waive his right to the assistance of counsel before pleading guilty to the predicate offense.

AFFIRMED.